GRELLAS SHAH LLP
GEORGE GRELLAS, ESQ. (SBN 83540)
(gg@grellas.com)
DHAIVAT H. SHAH, ESQ. (SBN 196382)
(ds@grellas.com)
DAVID I. SIEGEL, ESQ. (SBN 264247)
(dsiegel@grellas.com)
20400 Stevens Creek Blvd, Suite 280
Cupertino, CA  95014
Telephone: (408) 255 - 6310
Facsimile: (408) 255 - 6350

Attorneys for Plaintiff
KWAN SOFTWARE ENGINEERING, INC.,
a California corporation, dba VERIPIC, INC.

**FILED**

JUL 30 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., a California corporation, dba VERIPIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FORAY TECHNOLOGIES, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.:  CV-12-03762 PSG<br><br>**FIRST AMENDED COMPLAINT FOR:**<br>1) **COPYRIGHT INFRINGEMENT;**<br>2) **INDUCEMENT OF BREACH OF CONTRACT;**<br>3) **CONTRIBUTORY AND INDUCED COPYRIGHT INFRINGEMENT;**<br>4) **VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT;**<br>5) **FALSE ADVERTISING AND UNFAIR COMPETITION UNDER THE LANHAM ACT;**<br>6) **FALSE ADVERTISING; AND**<br>7) **UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1    Plaintiff Kwan Software Engineering, Inc., dba VeriPic, Inc. ("VeriPic") alleges on

2  personal knowledge as to matters relating to itself, and on information and belief as to all other

3  matters, as follows:

4                                **THE PARTIES**

5    1.    VeriPic is a corporation organized and existing under the laws of the State of

6  California that is authorized to do business in California and, at all times material hereto, has

7  maintained a principal place of business which is located at 2360 Walsh Avenue, Santa Clara,

8  California 95051 in Santa Clara County, California.

9    2.    Defendant Foray, a competitor of VeriPic, is now, and at all times herein

10  mentioned was, a limited liability company organized under and existing by virtue of the laws

11  of the State of Delaware with its principal place of business located at 3911 5th Avenue,

12  Suite 300, San Diego, California 92103.

13                               **JURISDICTION**

14    3.    This action arises under 17 U.S.C. §§ 101, et seq. (the "Copyright Act"). This

15  Court has exclusive subject matter jurisdiction over copyright infringement claims under

16  28 U.S.C. § 1338. This Court has subject matter jurisdiction over the federal false advertising

17  and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332,

18  1338, and 1367.

19    4.    Supplemental jurisdiction over the state law claims is appropriate under

20  principles of supplemental jurisdiction, 28 U.S.C. § 1367.

21    5.    This Court has personal jurisdiction over Foray because Foray's principal place

22  of business is in the State of California.

23                                  **VENUE**

24    6.    Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)

25  and (c) and 1400 because VeriPic resides in this district and division, a substantial part of the

26  events and omissions giving rise to VeriPic's claims occurred in this district and a substantial

27  part of the property that is the subject of VeriPic's claims is located in this district.

28  ///

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

## GENERAL ALLEGATIONS

7.      VeriPic has a long and distinguished record in providing digital asset management services to police and fire agencies, as well as to others needing to store and retrieve photos, video, and audio files in easily retrievable format in California and throughout the United States.

8.      VeriPic's award-winning Digital Photo Lab software, a centerpiece of its digital evidence management suite designed for law enforcement agencies, provides a unified approach to organizing, storing and securing critical digital evidence.  Digital Photo Lab is designed to support and reinforce departmental policies and procedures with a feature-rich architecture that focuses on expediting the everyday workflow of law enforcement officers at every level of an organization.

9.      Defendant Foray is and has been a direct competitor of VeriPic, and also sells digital evidence-related software to law enforcement agencies.  Since at least 2008, Foray has offered its main software product under the name ADAMS, which stands for the "Authenticated Digital Asset Management System" ("ADAMS").

## FORAY'S INFRINGEMENT ON VERIPIC'S COPYRIGHTED WORKS

10.      Among the most popular of VeriPic's features since at least 2003 has been Digital Photo Lab's Calibration Module (the "Calibration Module").  The Calibration Module is an add-on feature to VeriPic's Digital Photo Lab software.   It permits users to measure the real life length of objects (in inches or metric units) in a photo or distances between objects in a photo.  This is accomplished by inputting the real life distance between any two points on the photo, regardless of whether the two points are oriented vertically, horizontally or diagonally from one another.  Once this is accomplished, a simple point and click allows users to measure the distances between any two points on the photo.

11.      The Calibration Module has historically been the most user friendly software of its kind on the market. It allows users to measure distances within photos accurately and print life-sized or scaled images easily.  With the Calibration Module's straightforward point-and-click technology, calibration can be completed within seconds.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

12.     Before beginning to use the Digital Photo Lab software (including the Calibration Module), all VeriPic customers must agree to the terms of an End User License Agreement ("EULA").  A true and correct copy of the EULA distributed by VeriPic with its Digital Photo Lab software in the years 2003 through 2008 is attached hereto as **Exhibit A** (the "2003 EULA").  A true and correct copy of the EULA distributed by VeriPic with its Digital Photo Lab software in the years 2008 through 2010 is attached hereto as **Exhibit B** (the "2008 EULA").  A true and correct copy of the EULA distributed by VeriPic with its Digital Photo Lab software in the years 2011 through the present is attached hereto as **Exhibit C** (the "2011 EULA," and collectively with the 2003 EULA and 2008 EULAs, the "EULAs").

13.     Pursuant to the EULAs, customers agree that they:

- "[D]o not have any right to license this product to any other party." Ex. A at ¶ 2; Ex. B at ¶ 2; Ex. C at ¶ 2.
- "[C]an use the SOFTWARE only on the number of computers for which you've purchased licenses and limited to the number of concurrent users for which you have licenses . . . ." Ex. A at ¶ 3; Ex. B at ¶ 3; Ex. C at ¶ 3.
- "[M]ay not transfer copies of the SOFTWARE to any other party." Ex. A at ¶ 5; Ex. B at ¶ 5; Ex. C. at ¶ 5.
- "[M]ay not reverse engineer, decompile, or disassemble the SOFTWARE" or "attempt to break or otherwise harm or attempt to harm the security of the SOFTWARE or reduce its usefulness or effectiveness."  Ex. A at ¶ 7; Ex. B at ¶ 7; Ex. C at ¶ 7.

14.     Defendant Foray is a VeriPic competitor that also sells digital evidence management software to the law enforcement community.  Foray has and continues to offer its ADAMS software to the same customer base as VeriPic targets with its Digital Photo Lab software.

15.     Foray has offered an Image Calibration Utility as an add-on module to its ADAMS software.  The Image Calibration Utility has been a filter that operated as a plug-in to

1  Adobe's Photoshop Software, which ADAMS users use in conjunction with the ADAMS

2  software.

3       16.    Until on or about July 2009, Foray's Image Calibration Utility, while

4  performing a somewhat similar calibration function as VeriPic's Calibration Module, did so in

5  a significantly more cumbersome and time-consuming way. It required customers to engage

6  in a multi-step process to calibrate distances on a photo and required knowledge of an exact

7  real life horizontal or vertical distance in the photo.

8       17.    One of Foray's sales and product development tactics has been to induce

9  VeriPic customers to violate the EULAs by giving Foray employees access to VeriPic's

10  Digital Photo Lab software and providing unauthorized copies of VeriPic's software to Foray

11  employees. This includes having Foray product development staff accompany Foray

12  salespeople in what purport to be sales calls to current VeriPic customers, but which are used

13  to gather intelligence on VeriPic software.

14       18.    In or about 2008, Foray unlawfully obtained one or more copies of VeriPic's

15  Digital Photo Lab software, including the Calibration Module, from one or more VeriPic

16  customers, in violation of the EULAs. Foray misappropriated VeriPic's intellectual property

17  for its own use by copying, decompiling, diassembling and/or modifying VeriPic's Calibration

18  Module software. In doing so, Foray circumvented certain of VeriPic's technological

19  copyright protection measures that control access to VeriPic's software.

20       19.    Through Foray's misappropriation and misuse of VeriPic's Calibration Module

21  software, Foray created an unauthorized derivative work based on VeriPic's Calibration

22  Module. Beginning on or around September 2009, Foray began offering for sale and

23  distribution its unauthorized derivative version of VeriPic's Calibration Module, under the

24  guise of being an updated version of its Image Calibration Utility (the "Infringing ICU").

25       20.    Foray has reproduced copies of the Infringing ICU to customers within and

26  outside of the United States; distributed copies of the Infringing ICU by sale or other transfer

27  of ownership, or by rental, lease or lending; displayed the Infringing ICU to the public during

28

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD., SUITE 280
CUPERTINO, CA 95014

1   workshops and demonstrations; and made additional infringing derivative works based on the

2   Infringing ICU.

3       21.   Moreover, to this day, Foray continues to induce VeriPic current and former

4   VeriPic customers to grant Foray unauthorized access to VeriPic's intellectual property,

5   including but not limited to VeriPic's Digital Photo Lab, despite restrictions placed on such

6   action by the EULAs, copyright law and other applicable law.

7   **FORAY'S SCHEME TO DECEIVE THE LAW ENFORCEMENT COMMUNITY AS**
    **TO THE NATURE OF ITS PRODUCT**

8

9       22.   Since at least 2008, Foray has engaged in a scheme to deceive its customers, the

10  law enforcement community and the general public, throughout the United States and

11  internationally, as to the nature of its product and its features, as well as certain industry

12  standards that are used by law enforcement officials to determine whether to purchase digital

13  asset management software.

14      23.   A long-standing part of Foray's marketing of its ADAMS software in interstate

15  commerce and internationally throughout the law enforcement community has been to tout the

16  software's purported ability to "authenticate" images.  In fact, the name Foray chose for its

17  software offering primarily features the claim that its software "authenticates" images (i.e. the

18  *Authenticated* Digital Asset Management System).

19      24.   Foray does not make these claims about the ADAMS system's ability to

20  authenticate in a vacuum.  Specifically, Foray asserts that the ADAMS software authenticates

21  digital evidence in compliance with guidelines propounded by an organization called the

22  Scientific Working Group on Imaging Technology ("SWGIT").

23      25.   Foray has publicly stated that its "advanced digital asset management

24  techniques have been used as the model for standards developed by organizations such as

25  SWGIT.  For instance, ADAMS is the paradigm for the workflow described in Section 13,

26  *Best Practices/or Maintaining the Integrity of Digital Images and Digital Video* of the

27  SWGIT Guidelines."

28  / / /

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD., SUITE 280
CUPERTINO, CA 95014

26.     Foray has gone as far as to tell potential customers that following the particular workflow Foray cites to as described in Section 13 is a *requirement* of SWGIT, and further that Foray is the only digital evidence management system vendor that adheres to that requirement.  In fact, the workflow touted by Foray is just one of what SWGIT refers to as a non-exhaustive list of "example workflows," none of which is required to used for a digital asset management vendor's software to be SWGIT-compliant.  As SWGIT states in introducing these workflows: "The following is a list of specific workflow examples. The list is not exhaustive as each situation requires tailoring a specific process that should be outlined in an organization's SOPs."

27.     Foray's statements are demonstrably false attempts to mislead customers into purchasing Foray's ADAMS software.

28.     Even more disturbing is that Foray states that the ADAMS software "authenticates" data in compliance with and as defined by SWGIT guidelines.

29.     Foray claims that "SWGIT states that the best way to authenticate digital assets is to use a hash algorithm that assigns a hash value to each image."  Foray then claims that its ADAMS software authenticates digital assets using a hash algorithm, as set forth in SWGIT guidelines.  These statements are entirely false.

30.     Foray's ADAMS software does not authenticate digital assets, and particularly not as set forth in SWGIT guidelines.

31.     SWGIT guidelines are clear that use of a hash function, as used by Foray, does not serve to authenticate digital assets *at all*.  The guidelines that Foray identifies as setting forth best practices for "authentication" of digital assets are not even SWGIT's authentication guidelines.

32.     Foray's use of hash functions serves the limited purpose of helping to determine whether a piece of digital evidence has been manipulated between the time it is entered into the ADAMS software system and a later time when a user wishes to make use of that piece of digital evidence.  By comparing the "hash value" of the digital evidence at the time the software is entered into the system and the "hash value" at a later date, a user may be

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1  able to determine whether the digital evidence has been altered during that time. While that

2  serves a function in terms of ensuring the *integrity* of the image once the image has been

3  captured by a digital evidence management system, that tells you nothing about what may

4  have happened to the image *before* it was entered into the software system or whether the

5  image is an accurate representation of what had originally been photographed.

6      33.    The Section 13 of SWGIT guidelines that Foray misleadingly identifies as

7  SWGIT's authentication guidelines are merely SWGIT's guidelines on "Maintaining the

8  Integrity of Digital Images and Digital Video." Those guidelines state on page one that

9  "Integrity differs significantly from authentication." Moreover, the guidelines continue, as

10  follows: "The integrity of the image can be established by methods covered in this document.

11  For further information on image authentication, see SWGIT document 'Best Practices for

12  Image Authentication'."

13      34.    Section 14 of SWGIT's guidelines set forth "Best Practices for Image

14  Authentication." As Section 14 states, "authentication" allows one to "discern if a questioned

15  image or video is an accurate representation of the original data by some defined criteria."

16  Further, the SWGIT authentication guidelines caution: **"[A]uthenticity differs significantly**

17  **from integrity. Integrity ensures that the information presented is complete and**

18  **unaltered from the time of acquisition until its final disposition. For example, *the use of a***

19  ***hash function can verify that a copy of a digital image file is identical to the file from which***

20  ***it was copied, but it cannot demonstrate the veracity of the scene depicted in the image*."**

21      35.    In other words, on their face, SWGIT's guidelines undermine the central

22  element of Foray's central claim – that the ADAMS software authenticates digital images with

23  hash values and that SWGIT guidelines state ADAMS's use of hash values is an approved

24  means of authenticating digital assets.

25      36.    Nonetheless, Foray misrepresents SWGIT's guidelines, Foray's compliance

26  therewith, and the ADAMS software's ability to "authenticate" digital evidence to the law

27  enforcement community throughout the United States, including in official, signed certified

28  responses to government-issued requests for proposal.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

37.     Foray's misrepresentations of fact and deceptive description of their ADAMS software, including the deceptive use of the term "authenticated" in the name of their software product that does not authenticate digital assets at all, has injured dozens, if not hundreds of police departments, sheriffs offices and district attorney's offices throughout the United States, and internationally, who believed they their purchase of the ADAMS software provided them with a software product that authenticated digital assets, even though it does not.

38.     In contrast to Foray's software, VeriPic's Digital Photo Lab is able to authenticate images at the camera level. In other words, Digital Photo Lab's technology allows a user to know not only whether an image has been altered from the time it is entered into the VeriPic system until it is later used, but whether it has ever been altered at all from the moment the picture was originally taken. This allows the user to tell whether an image in the VeriPic system authentically represents what was actually photographed, in addition to knowing that the image's integrity has been maintained since it was entered in the VeriPic system.

39.     Unfortunately, due to Foray's misrepresentations of fact and deceptive description of the nature of authentication and the ADAMS system's ability to authenticate, VeriPic has been severely damaged in terms of its ability to market the unique features of its own software.

## FIRST CAUSE OF ACTION
**(Copyright Infringement, 17 U.S.C. § 501, *et seq.*)**

40.     VeriPic realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 39 inclusive.

41.     VeriPic's Digital Photo Lab, including VeriPic's Calibration Module and other add-on modules (collectively with Digital Photo Lab, the "Copyrighted Works") are each original works of authorship created by VeriPic constituting copyrightable subject matter.

42.     VeriPic has complied in all respects with 17 U.S.C. §§ 101, et seq., and has exclusive rights and privileges in and to the copyright in the Copyrighted Works.

/ / /

43.     Foray's copying of the Calibration Module and other Copyrighted Works violates the exclusive rights belonging to VeriPic as owner of the copyright in that software including, without limitation, VeriPic's rights under 17 U.S.C. § 106.

44.     Foray has created derivative works from, reproduced, distributed and/or displayed the Copyrighted Works in violation of VeriPic's exclusive rights under the Copyright Act. VeriPic has not licensed or otherwise authorized Foray's creation of derivative works from, reproduction, distribution or display of the Copyrighted Works.

45.     Foray's infringement of VeriPic's copyrights in the Copyrighted Works is, and continues to be, intentional, willful and in conscious disregard of VeriPic's rights.

46.     Foray has realized profit by virtue of its infringement of VeriPic's copyrights.

47.     VeriPic has sustained economic damage as a result of Foray's infringement of VeriPic's copyrights in an amount to be proven at trial, but believed to be at least $5 million.

48.     VeriPic is entitled to recover the actual damages it has suffered and/or any profits gained by Foray that are attributable to its acts of copyright infringement pursuant to 17 U.S.C. § 504(b). Alternatively, VeriPic is entitled to the maximum statutory damages allowed under 17 U.S.C. § 504(c), based on Foray's willful acts of copyright infringement. VeriPic will make its election at the appropriate time before final judgment is rendered.

49.     Pursuant to 17 U.S.C. § 502, VeriPic is entitled to an injunction against Foray's continuing reproduction, distribution and display of VeriPic's Copyrighted Works.

50.     Pursuant to 17 U.S.C. § 505, VeriPic is further entitled to recover its costs and reasonable attorney's fees

## SECOND CAUSE OF ACTION
### (Inducement of Breach of Contract)

51.     VeriPic realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 50 inclusive.

52.     The EULAs are valid written contracts that exist between VeriPic and each of VeriPic's customers who have purchased and used the Copyrighted Works.

/ / /

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

53. Foray has been aware of the EULAs governing the use of the Copyrighted Works and of their terms and conditions.

54. Despite its knowledge of the existence of the EULAS, Foray has intentionally encouraged and assisted VeriPic customers to breach the EULAs by, among other things, encouraging and assisting VeriPic customers to authorize Foray employees to access and use the Copyrighted Works and transfer unauthorized copies of the Copyrighted Works to Foray.

55. In committing these acts, Foray has induced the breach of the EULAs by parties to those agreements.

56. As a direct and proximate result of Foray's actions to induce others to breach the EULAs, VeriPic has suffered damages in an amount to be proven at trial in excess of $75,000, and believed to be at least $5 million.

57. In inducing others to breach the EULAs, Foray acted intentionally, willfully, and with malice. As a result, VeriPic is thus entitled to an award of exemplary and punitive damages in an amount to be proven at trial.

58. Foray continues to induce customers to breach the EULAs. Therefore, VeriPic is entitled to injunctive relief to prevent Foray from continuing to induce VeriPic customer to breach these agreements.

## THIRD CAUSE OF ACTION
**(Contributory and Induced Copyright Infringement, 17 U.S.C. § 501, *et seq.*)**

59. VeriPic refers to and incorporates herein by reference, as though fully set forth herein, Paragraphs 1 through 58 inclusive.

60. Foray is aware that it has infringed and continues to infringe VeriPic's exclusive rights to reproduce, display, create derivative works from and distribute the Copyrighted Works.

61. By encouraging VeriPic customers to provide Foray unauthorized access to and copies of VeriPic's Copyrighted Works and offering for sale copies of derivative works based on VeriPic's Copyrighted Works, VeriPic has induced, caused or materially contributed to the infringement of VeriPic's Copyrighted Works by VeriPic customers.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

62.    Foray's inducement of infringement of VeriPic's copyrights is, and continues to be, intentional, willful and in conscious disregard of VeriPic's rights.

63.    Foray has realized profit by virtue of its inducement of infringement of VeriPic's copyrights.

64.    VeriPic has sustained economic damage as a result of Foray's inducement of infringement of VeriPic's copyrights in an amount to be proven at trial, but believed to be at least $5 million.

65.    Pursuant to 17 U.S.C. § 504(b), VeriPic is entitled to recover the actual damages it has suffered and/or any profits gained by Foray that are attributable to its acts of copyright infringement. In the alternative, VeriPic is entitled to the maximum statutory damages allowed under 17 U.S.C. § 504(c) based on Foray's willful acts of copyright infringement. VeriPic will make its election at the appropriate time before final judgment is rendered.

66.    Pursuant to 17 U.S.C. § 502, VeriPic is entitled to an injunction against Foray's continuing reproduction, distribution and display of the Copyrighted Works.

67.    Pursuant to 17 U.S.C. § 505, VeriPic is further entitled to recover its costs and reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
**(Circumvention of Technological Copyright Protection in Violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.*)**

68.    VeriPic refers to and incorporates herein by reference, as though fully set forth herein, Paragraphs 1 through 67 inclusive.

69.    VeriPic employs certain technological protection measures to control access to the source code in the Copyrighted Works.

70.    Foray improperly and illegally circumvented the technological protection measures that control access to the source code in the Copyrighted Works in order to copy VeriPic's source code to create the Infringing ICU.

/ / /

/ / /

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

71.     Foray's acts were intended to and did avoid, bypass, remove, descramble, decrypt, deactivate, or impair a technological protection measure without VeriPic's authority for the purpose of gaining unauthorized access to the source code of the Copyrighted Works.

72.     VeriPic has sustained economic damage as a result of Foray's circumvention of technological protection measures in an amount to be proven at trial.

73.     VeriPic is entitled to recover the actual damages it has suffered and/or any profits gained by Foray that are attributable to its circumvention of access controls pursuant to 17 U.S.C. § 1203(c)(1). Alternatively, VeriPic is entitled to the maximum statutory damages allowed under 17 U.S.C. § 1203(c)(2). VeriPic will make its election at the appropriate time before final judgment is rendered.

74.     Pursuant to 17 U.S.C. § 1203(b), VeriPic is entitled to an injunction against Foray's continuing circumvention of access controls.

75.     Pursuant to 17 U.S.C. § 1203(b), VeriPic is further entitled to recover its costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### (Federal False Advertising and Unfair Competition, 15 U.S.C. § 1125(a))

76.     VeriPic refers to and incorporates herein by reference, as though fully set forth herein, Paragraphs 1 through 75 inclusive.

77.     Foray's actions described above and specifically, without limitation, Foray's misleading use of the name "Authenticated Digital Asset Management System" for its software product that does not authenticate digital assets, Foray's misleading description of its product as "authenticating" digital assets and its false descriptions of fact regarding SWGIT guidelines, including guidelines concerning authentication, constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

78.     Consumers are likely to be misled and deceived by Foray's representations regarding its misrepresentations of fact about its Foray's product and its adherence to SWGIT guidelines with respect to authentication.

/ / /

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1      79.      Foray knew or should have known that its statements were false or likely to

2  mislead.

3      80.      As an actual and proximate result of Foray's willful and intentional actions,

4  VeriPic has suffered damages in an amount to be determined at trial, and unless Foray is

5  enjoined, VeriPic will continue to suffer irreparable harm and damage to its business,

6  reputation, and goodwill.

7      81.      Pursuant to 15 U.S.C. § 1117, VeriPic is entitled to damages for Foray's

8  Lanham Act violations, an accounting for profits made by Foray on its sales of ADAMS

9  software, as well as recovery of the costs of this action. Furthermore, VeriPic is informed and

10  believes, and on that basis alleges, that Foray's conduct was undertaken willfully and with the

11  intention of causing confusion, mistake or deception, making this an exceptional case entitling

12  VeriPic to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. §

13  1117.

14  ## SIXTH CAUSE OF ACTION

15  ### (False Advertising, Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

16      82.      VeriPic refers to and incorporates herein by reference, as though fully set forth

17  herein, Paragraphs 1 through 81 inclusive.

18      83.      Defendant Foray's conduct as alleged herein, including but not limited to

19  Foray's passing off of VeriPic's Copyrighted Works as its own, Foray's deceptive use of the

20  term "authentication" in the name of its ADAMS software, Foray's misrepresentation of the

21  ADAMS software's ability to authenticate digital assets and Foray's misrepresentations of

22  SWGIT guidelines was and is false or misleading advertising which is likely to, and has

23  caused deception of the general public, and constitutes false advertising in violation of

24  California Business and Professions Code section 17500, et seq. Among other things, such

25  conduct is deceptive and injures consumers as well as VeriPic.

26      84.      VeriPic has no adequate remedy at law for the injuries caused by Foray's

27  conduct, acts, and omissions, and the general public will be irreparably harmed if such acts and

28  omissions are not enjoined. VeriPic is entitled to injunctive relief to prohibit these acts and

1    omissions and/or continued threatened acts of defendant, to prevent such irreparable harm

2    from happening in the future.

3        85.    As a result of Foray's conduct, acts and omissions, VeriPic is entitled to

4    equitable restitution of any and all profits, revenues, compensation or other payments obtained

5    by defendant as a result of its acts of false advertising.

6        86.    VeriPic is entitled to the recovery of its attorneys fees in this action.

7                        **SEVENTH CAUSE OF ACTION**
8            **(Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, et seq.)**

9        87.    VeriPic refers to and incorporates herein by reference, as though fully set forth

10   herein, Paragraphs 1 through 86 inclusive.

11       88.    By virtue of Foray's acts described above, defendant has engaged in unlawful

12   and unfair business practices and/or practices that constitute unfair competition under

13   California Business and Professions Code section 17200, et seq.

14       89.    As a direct and proximate result of Foray's unfair competition, VeriPic has

15   suffered and will continue to suffer irreparable harm, unless restrained by order of this Court,

16   for which damages will not afford adequate relief.  Therefore, VeriPic seeks preliminary and

17   permanent injunctive relief.

18       90.    Additionally, as a direct and proximate result of Foray's unfair competition,

19   defendant has been improperly and unjustly enriched at the expense of VeriPic.  The amount

20   of such unjust enrichment shall be established according to proof at trial.

21       91.    VeriPic is entitled to the recovery of its attorneys fees in this action.

22

23       WHEREFORE, VeriPic prays for judgment against defendant as follows:

24       1.    For issuance of a temporary restraining order, preliminary injunction, and

25   permanent injunction restraining and enjoining Foray from selling or otherwise distributing

26   any works derivative of VeriPic's Copyrighted Works (including but not limited to the

27   Infringing ICU), continuing to otherwise infringe or induce others to infringe on VeriPic's

28

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

exclusive rights in the Copyrighted Works, and inducing VeriPic customers to violate the terms of the EULA between VeriPic and its customers;

2.    For issuance of a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Foray from using the name "Authenticated Digital Asset Management System," "ADAMS" or any other name for its software that has a tendency to mislead customers into believing Foray's software authenticates digital assets;

3.    For issuance of a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Foray from stating that its software authenticates digital assets, that SWGIT guidelines state that the use of a hash function is the best way to authenticate digital assets, or that the workflow described in Section 13, *Best Practices/or Maintaining the Integrity of Digital Images and Digital Video* of the SWGIT Guidelines is in any way required for a digital asset management system to be SWGIT compliant.

4.    For an order requiring defendant to show cause, if any they have, why they should not be enjoined as hereinabove set forth, during the pendency of this action;

5.    For an order that Foray distribute to all law enforcement agencies to which it has marketed its product since 2008 a corrective statement that Foray's product does not authenticate digital assets, that the ADAMS software does not authenticate digital assets as set forth in SWGIT guidelines and that its previous statements that SWGIT guidelines state that the use of a hash function, as used by the ADAMS system, is the best way to authenticate digital assets is and has always been false.

6.    Pursuant to 15 U.S.C. § 1117, for an accounting for profits made by Foray as a result of any sales of their ADAMS software and as a result of their unfair competition, as well as additional damages available by statute;

7.    For actual damages and/or any profits gained by defendant and/or statutory damages for direct and/or contributory copyright infringement as determined at trial;

8.    For actual damages and/or any profits gained by defendant and/or statutory damages for circumvention of an access control measure as determined at trial

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD., SUITE 280
CUPERTINO, CA 95014

9.    For punitive and exemplary damages;

10.    For actual damages as a result of Foray's common law unfair competition;

11.    For treble damages for Foray's willful acts;

12.    For reasonable attorneys' fees and costs; and

13.    For pre-judgment interest on all damages entered against Defendants and each of them at the maximum legal rate;

14.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  July 30, 2012

GRELLAS SHAH LLP

By: _____

Dhaivat H. Shah, Esq.
Attorneys for Plaintiff
KWAN SOFTWARE ENGINEERING, INC.,
dba VERIPIC, INC.

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

First Amended Complaint

KWAN SOFTWARE ENGINEERING, INC. END USER LICENSE AGREEMENT

Read the following End User License Agreement (EULA) before using the enclosed Software. Breaking the seal on this package indicates your acceptance of the terms and conditions in this EULA. If you do not agree with these terms you should return the Software to your dealer within 30 days for a refund of the purchase price.

LICENSE

1. Grant of License. Kwan Software Engineering, Inc. (KWAN) grants you a license to use the enclosed software (the SOFTWARE) subject to the license restrictions set forth below.

2. This license to you is non-exclusive. Kwan Software Engineering, Inc. retains ownership and all rights associated with this SOFTWARE and may license it to any other party as it sees fit. You, as the end user, do not have any right to license this product to any other party and your Grant of License may be terminated by Kwan Software Engineering, Inc. with or without cause at any time.

3. Restrictions on Use. You can use the SOFTWARE only on the number of computers for which you've purchased licenses and limited to the number of concurrent users for which you have licenses. Your licenses are enforced by the use of a hardware key (the KEY) which also contains a clock. The SOFTWARE will not function without the KEY or if the battery that operates the clock runs out. We are not responsible for loss or damage to the KEY. If the KEY is damaged or ceases to function because of the battery running out or for any other cause you may be asked to pay a fee, determined by KWAN at that time, for the replacement of the KEY. You may elect to not pay this fee in which case your license to use the SOFTWARE will terminate without a refund. KWAN may also offer other ways of getting a replacement KEY, such as a service contract at extra cost or other means, from time to time, but the offer of such programs is solely at KWAN's discretion and KWAN may refuse to offer a replacement key to you with or without cause. If you lose the KEY you may have to purchase all new licenses at full price or any other price solely at KWAN's discretion, to get a replacement KEY. If you lose the KEY it is equivalent to losing the software or the licenses you've purchased without a refund.

4. Limitations on Export: This SOFTWARE may not be Exported outside of the United States of America. You may not sell, send electronically, mail, carry or otherwise cause any copies of the SOFTWARE to exist outside the United States of America. This SOFTWARE is not for export.

5. Transfer of the Software. You may not transfer copies of the SOFTWARE to any other party.

6. Copyright. The SOFTWARE is owned by Kwan Software Engineering, Inc. and is protected by copyright laws and international treaties. You may not copy the SOFTWARE other than as expressly provided in this EULA.

7. You may not reverse engineer, decompile, or disassemble the SOFTWARE. You may not attempt to break or otherwise harm or attempt to harm the security of the SOFTWARE or reduce its usefulness or effectiveness. If you attempt to and/or succeed in breaking the security of the SOFTWARE or harm its usefulness or effectiveness you will hold Kwan Software Engineering, Inc. harmless against all claims from any party as a result of your action. In such a case you will bear the full responsibility and costs and agree to pay all costs incurred by Kwan Software Engineering, Inc. or any other party as a result of your actions.

8. Term. This EULA is effective until it is terminated. Paragraphs 4, 5, 6, 7 and 9 shall survive any termination of this EULA. KWAN may terminate this EULA at any time for any reason or for no reason at all. You may terminate it at any time by destroying the SOFTWARE together with all copies of it in any form. This EULA will also terminate if you fail to comply with any term or condition of this EULA. You must agree upon such termination to destroy the SOFTWARE together with all copies in any form.

9. General. This EULA is governed by the laws of the State of California. The manufacturer is Kwan Software Engineering, Inc. which is located at 1030 E. El Camino Real, #243, Sunnyvale, CA 94087-3759.

EXHIBIT A

## LIMITED WARRANTY

For 30 days after the date of shipment of the SOFTWARE to you, as evidenced by a copy of the packing slip and a copy of proof of payment such as a canceled check or other payment instrument Kwan Software Engineering, Inc. warrants that the media on which the SOFTWARE is furnished will be free from defects in materials and workmanship under normal use.

KWAN does not warrant that SOFTWARE will meet your requirements or that the operation of the SOFTWARE will be uninterrupted or error free. . KWAN does not warrant that the software is suitable for any particular purpose. You, the End User, assume responsibility for operation of the SOFTWARE to achieve your intended results, and for the installation, use, and results obtained from the operation of the Software.

Except where otherwise prohibited by applicable laws, KWAN MAKES NO OTHER WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. Some states do not allow the exclusion of implied warranties, or have legislation that imposes certain statutory warranties that cannot be excluded, so the above exclusion may not apply to you. You have specific legal rights under this warranty and you may have other rights.

## LIMITATIONS OF REMEDIES

Except where otherwise prohibited by any applicable laws, KWAN's entire liability and your only remedy shall be, at KWAN's option either (i) the repair or replacement of the SOFTWARE or any media covered by the LIMITED WARRANTY (proof of purchase including a copy of the receipt and a copy of proof of payment is required), or (ii) the return of the price you paid for the SOFTWARE if you submit proof of purchase including a copy of the receipt and a copy of proof of payment. If you misuse the SOFTWARE or fail to follow the enclosed operating instructions these remedies will not be available to you.

KWAN SOFTWARE ENGINEERING, INC. OR ITS SUPPLIERS OR DEALERS WILL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES OR FOR ANY OTHER LOSS OR DAMAGES INCLUDING, BUT NOT LIMITED TO, LOST PROFITS, LOST SAVINGS, DAMAGES CLAIMED BY ANY OTHER PARTY, OR ANY OTHER DAMAGES ARISING OUT OF THE USE OR INABILITY TO USE THE SOFTWARE.

VERIPIC, INC. END USER LICENSE AGREEMENT

Read the following End User License Agreement (EULA) before using the Software. By pressing the "I Agree" button you indicate your acceptance of the terms and conditions in this EULA. If you do not agree with these terms you should press the "I Disagree" button and return the Software to your place of purchase within 30 days for a refund of the purchase price.

LICENSE

1. Grant of License. VeriPic, Inc. (VERIPIC) grants you a license to use the enclosed software (the SOFTWARE) subject to the license restrictions set forth below.

2. This license to you is non-exclusive. VeriPic, Inc. retains ownership and all rights associated with this SOFTWARE and may license it to any other party as it sees fit. You, as the end user, do not have any right to license this product to any other party and your Grant of License may be terminated by VeriPic, Inc. with or without cause at any time.

3. Restrictions on Use. You can use the SOFTWARE only on the number of computers for which you've purchased licenses and limited to the number of concurrent users for which you have licenses subject to a possible expiration time (if your license is purchased on a time-limited basis). Your licenses are enforced by the use of a hardware key (the KEY) which also contains a clock. The SOFTWARE will not function without the KEY or if the battery that operates the clock runs out. We are not responsible for loss or damage to the KEY. If the KEY is damaged or ceases to function because of the battery running out or for any other cause you may be asked to pay a fee, determined by VERIPIC at that time, for the replacement of the KEY. You may elect to not pay this fee in which case your license to use the SOFTWARE will terminate without a refund. VERIPIC may also offer other ways of getting a replacement KEY, such as a service contract at extra cost or other means, from time to time, but the availability of such programs is solely at VERIPIC's discretion and VERIPIC may refuse to offer a replacement key to you with or without cause. If you lose the KEY you may have to purchase all new licenses at full price or any other price determined solely at VERIPIC's discretion, to get a replacement KEY. If you lose the KEY it is equivalent to losing the software or the licenses you've purchased and you will not be due a refund.

4. Limitations on Export: This SOFTWARE may not be Exported outside of the United States of America or Canada. You may not sell, send electronically, mail, carry or otherwise cause any copies of the SOFTWARE to exist outside the United States of America or Canada. This SOFTWARE is not for export.

5. Transfer of the Software. You may not transfer copies of the SOFTWARE to any other party.

6. Copyright. The SOFTWARE is owned by VeriPic, Inc. and is protected by copyright laws and international treaties. You may not copy the SOFTWARE other than as expressly provided in this EULA.

EXHIBIT B

7. You may not reverse engineer, decompile, or disassemble the SOFTWARE. You may not attempt to break or otherwise harm or attempt to harm the security of the SOFTWARE or reduce its usefulness or effectiveness. If you attempt to and/or succeed in breaking the security of the SOFTWARE or harm its usefulness or effectiveness in any way you will hold VeriPic, Inc. harmless against all claims from any party as a result of your action. In such a case you will bear the full responsibility and costs and agree to pay all costs incurred by VeriPic, Inc. or any other party as a result of your actions. If you harm the usefulness or effectiveness or the value of the SOFTWARE in any way you will be responsible for paying VeriPic, Inc. damages equal to any loss of value of VeriPic, Inc.'s assets or intellectual property as a result of your actions and any other damages or punitive damages as may be determined by a court of law.

8. You, the customer or as a representative of the customer with the authority to act on behalf of the customer, will agree that VeriPic, Inc. is a California Corporation with only one location at 2360 Walsh Ave., Santa Clara, CA 95051. You agree that VeriPic, Inc. has a business presence in the City of Santa Clara, California and does not have a business presence anywhere else. If the City of Santa Clara, California is not part of your jurisdiction you agree that VeriPic, Inc. does not have a business presence within your local jurisdiction and that any taxes, regulations, business licensing requirements or any other laws based on a business presence in your locality do not apply to VeriPic, Inc. because you agree that VeriPic, Inc. does not have a business presence in your locality. You further agree that the existence of VeriPic, Inc. products alone in your locality do not constitute a business presence.

9. Any agreement is not final until all documents are sent to VeriPic, Inc at 2360 Walsh Ave., Santa Clara, CA 95051 for final approval. You, the customer or a representative of the customer with the authority to act on behalf of the customer, will agree that that any agreement made between VeriPic, Inc. and you or your organization is made in Santa Clara County, California and that Santa Clara County, California is the proper venue for the settlement of any disputes that may arise out of this agreement.

10. Term. This EULA is effective until it is terminated. Paragraphs 4, 5, 6, 7, 8, 9, 11 and 12 shall survive any termination of this EULA. VERIPIC may terminate this EULA at any time for any reason or for no reason at all. You may terminate it at any time by destroying the SOFTWARE together with all copies of it in any form. This EULA will also terminate if you fail to comply with any term or condition of this EULA. You must agree upon such termination to destroy the SOFTWARE together with all copies in any form.

11. General. This EULA is governed by the laws of the State of California. The manufacturer is VeriPic, Inc. which is located at 2360 Walsh Avenue, Santa Clara, CA  95051-1301.

12. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

LIMITED WARRANTY

For 30 days after the date of shipment of the SOFTWARE to you, as evidenced by a copy of the packing slip and a copy of proof of payment such as a canceled check or other payment instrument VeriPic, Inc. warrants that the media on which the SOFTWARE is furnished will be free from defects in materials and workmanship under normal use.

DISCLAIMER OF WARRANTIES

VeriPic, Inc. does not warrant that SOFTWARE will meet your requirements or that the operation of the SOFTWARE will be uninterrupted or error free. . VERIPIC does not warrant that the software is suitable for any particular purpose. You, the End User, assume responsibility for operation of the SOFTWARE to achieve your intended results, and for the installation, use, and results obtained from the operation of the Software.

Except where otherwise prohibited by applicable laws, VERIPIC MAKES NO OTHER WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. Some states do not allow the exclusion of implied warranties, or have legislation that imposes certain statutory warranties that cannot be excluded, so the above exclusion may not apply to you. You have specific legal rights under this warranty and you may have other rights.

EXCLUSIVE REMEDY

Except where otherwise prohibited by any applicable laws, VERIPIC's entire liability and your only remedy shall be, at VERIPIC's option either (i) the repair or replacement of the SOFTWARE or any media covered by the LIMITED WARRANTY (proof of purchase including a copy of the receipt and a copy of proof of payment is required), or (ii) the return of the price you paid for the SOFTWARE if you submit proof of purchase including a copy of the receipt and a copy of proof of payment. If you misuse the SOFTWARE or fail to follow the enclosed operating instructions these remedies will not be available to you.

LIMITATION OF LIABILITY

VERIPIC, INC. OR ITS SUPPLIERS OR DEALERS WILL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES OR FOR ANY OTHER LOSS OR DAMAGES INCLUDING, BUT NOT LIMITED TO, LOST PROFITS, LOST SAVINGS, DAMAGES CLAIMED BY ANY OTHER PARTY, OR ANY OTHER DAMAGES ARISING OUT OF THE USE OR INABILITY TO USE THE SOFTWARE.

VERIPIC, INC. END USER LICENSE AGREEMENT

Read the following End User License Agreement (EULA) before using the Software. By pressing the "I Agree" button you indicate your acceptance of the terms and conditions in this EULA. If you do not agree with these terms you should press the "I Disagree" button and return the Software to your place of purchase within 30 days for a refund of the purchase price.

LICENSE

1. Grant of License. VeriPic, Inc. (VERIPIC) grants you a license to use the enclosed software (the SOFTWARE) subject to the license restrictions set forth below.

2. This license to you is non-exclusive. VeriPic, Inc. retains ownership and all rights associated with this SOFTWARE and may license it to any other party as it sees fit. You, as the end user, do not have any right to license this product to any other party and your Grant of License may be terminated by VeriPic, Inc. with or without cause at any time.

3. Restrictions on Use. You can use the SOFTWARE only on the number of computers for which you've purchased licenses and limited to the number of concurrent users for which you have licenses subject to a possible expiration time (if your license is purchased on a time-limited basis). Your licenses are enforced by the use of a hardware key (the KEY) which also contains a clock. The SOFTWARE will not function without the KEY or if the battery that operates the clock runs out. We are not responsible for loss or damage to the KEY. In the case of a lost or damaged KEY or if the clock battery on the KEY runs out a replacement may be provided following the terms of the VeriPic Software License Maintenance Agreement (SLMA) if you have an active SLMA in place with VERIPIC at the time of this occurrence. If you do not have an active SLMA in place with VERIPIC at the time of this occurrence you may be asked to pay a fee for the replacement of the KEY under the terms of whatever VERIPIC policy is in place for such replacements of the KEY at the time of this occurrence. VERIPIC may also offer other ways of getting a replacement KEY, such as a service contract at extra cost or other means, from time to time, but the availability of such programs is solely at VERIPIC's discretion.

4. Limitations on Export: This SOFTWARE may not be Exported outside of the United States of America or Canada. You may not sell, send electronically, mail, carry or otherwise cause any copies of the SOFTWARE to exist outside the United States of America or Canada. This SOFTWARE is not for export.

5. Transfer of the Software. You may not transfer copies of the SOFTWARE to any other party.

6. Copyright. The SOFTWARE is owned by VeriPic, Inc. and is protected by copyright laws and international treaties. You may not copy the SOFTWARE other than as expressly provided in this EULA.

7. You may not reverse engineer, decompile, or disassemble the SOFTWARE. You may not attempt to break or otherwise harm or attempt to harm the

EXHIBIT C

security of the SOFTWARE or reduce its usefulness or effectiveness. If you attempt to and/or succeed in breaking the security of the SOFTWARE or harm its usefulness or effectiveness in any way you will hold VeriPic, Inc. harmless against all claims from any party as a result of your action. In such a case you will bear the full responsibility and costs and agree to pay all costs incurred by VeriPic, Inc. or any other party as a result of your actions. If you harm the usefulness or effectiveness or the value of the SOFTWARE in any way you will be responsible for paying VeriPic, Inc. damages equal to any loss of value of VeriPic, Inc.'s assets or intellectual property as a result of your actions and any other damages or punitive damages as may be determined by a court of law.

8. You, the customer or as a representative of the customer with the authority to act on behalf of the customer, will agree that VeriPic, Inc. is a California Corporation with only one location at 2360 Walsh Ave., Santa Clara, CA 95051. You agree that VeriPic, Inc. has a business presence in the City of Santa Clara, California and does not have a business presence anywhere else. If the City of Santa Clara, California is not part of your jurisdiction you agree that VeriPic, Inc. does not have a business presence within your local jurisdiction and that any taxes, regulations, business licensing requirements or any other laws based on a business presence in your locality do not apply to VeriPic, Inc. because you agree that VeriPic, Inc. does not have a business presence in your locality. You further agree that the existence of VeriPic, Inc. products alone in your locality do not constitute a business presence.

9. Any agreement is not final until all documents are sent to VeriPic, Inc at 2360 Walsh Ave., Santa Clara, CA 95051 for final approval. You, the customer or a representative of the customer with the authority to act on behalf of the customer, will agree that any agreement made between VeriPic, Inc. and you or your organization is made in Santa Clara County, California and that Santa Clara County, California is the proper venue for the settlement of any disputes that may arise out of this agreement.

10. Term. This EULA is effective until it is terminated. Paragraphs 4, 5, 6, 7, 8, 9, 11 and 12 shall survive any termination of this EULA. VERIPIC may terminate this EULA at any time for any reason or for no reason at all. You may terminate it at any time by destroying the SOFTWARE together with all copies of it in any form. This EULA will also terminate if you fail to comply with any term or condition of this EULA. You must agree upon such termination to destroy the SOFTWARE together with all copies in any form.

11. General. This EULA is governed by the laws of the State of California. The manufacturer is VeriPic, Inc. which is located at 2360 Walsh Avenue, Santa Clara, CA 95051-1301.

12. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

LIMITED WARRANTY

For 30 days after the date of shipment of the SOFTWARE to you, as evidenced by a copy of the packing slip and a copy of proof of payment such as a canceled check or other payment instrument VeriPic, Inc. warrants that the media on which the SOFTWARE is furnished will be free from defects in materials and workmanship under normal use.

DISCLAIMER OF WARRANTIES

VeriPic, Inc. does not warrant that SOFTWARE will meet your requirements or that the operation of the SOFTWARE will be uninterrupted or error free. VERIPIC does not warrant that the software is suitable for any particular purpose. You, the End User, assume responsibility for operation of the SOFTWARE to achieve your intended results, and for the installation, use, and results obtained from the operation of the Software.

Except where otherwise prohibited by applicable laws, VERIPIC MAKES NO OTHER WARRANTIES OF ANY KIND, EITHER EXPRESS OR IMPLIED INCLUDING, BUT NOT LIMITED TO, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. Some states do not allow the exclusion of implied warranties, or have legislation that imposes certain statutory warranties that cannot be excluded, so the above exclusion may not apply to you. You have specific legal rights under this warranty and you may have other rights.

EXCLUSIVE REMEDY

Except where otherwise prohibited by any applicable laws, VERIPIC's entire liability and your only remedy shall be, at VERIPIC's option either (i) the repair or replacement of the SOFTWARE or any media covered by the LIMITED WARRANTY (proof of purchase including a copy of the receipt and a copy of proof of payment is required), or (ii) the return of the price you paid for the SOFTWARE if you submit proof of purchase including a copy of the receipt and a copy of proof of payment. If you misuse the SOFTWARE or fail to follow the enclosed operating instructions these remedies will not be available to you.

LIMITATION OF LIABILITY

VERIPIC, INC. OR ITS SUPPLIERS OR DEALERS WILL NOT BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES OR FOR ANY OTHER LOSS OR DAMAGES INCLUDING, BUT NOT LIMITED TO, LOST PROFITS, LOST SAVINGS, DAMAGES CLAIMED BY ANY OTHER PARTY, OR ANY OTHER DAMAGES ARISING OUT OF THE USE OR INABILITY TO USE THE SOFTWARE.