IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., <br>     Plaintiff, <br>   v. <br> FORAY TECHNOLOGIES, LLC, <br>     Defendant. <br> _____/ | No. C 12-03762 SI <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR STAY** |

On September 4, 2012, defendant Foray Technologies, LLC ("Foray") filed a motion to dismiss or stay the fifth, sixth, and seventh causes of action in plaintiff's first amended complaint ("FAC") because of an action pending between the parties in the Superior Court of California, Santa Clara County. Plaintiff, Kwan Software Engineering, Inc., d/b/a Veripic, Inc., ("Veripic") has filed an opposition and defendant has filed a reply. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing currently scheduled for November 2, 2012. Having considered the parties' arguments, the Court hereby DENIES defendant's motion for the reasons discussed below.

**BACKGROUND**

Plaintiff Veripic is a California corporation that provides digital asset management services to police and fire departments, as well as to other entities throughout the United States that need to store and retrieve photos, video, and audio files. Pl.'s First Amended Complaint ("FAC") ¶ 1, 7. Defendant

1 Foray is and has been a direct competitor of Veripic's and also sells digital evidence-related software
2 to law enforcement agencies. *Id.* ¶ 9.

3 On August 14, 2009, Veripic filed a complaint against Foray in the Superior Court of the State
4 of California, Santa Clara County. *Kwan Software Engineering, Inc. v. Foray Technologies, LLC*, Case
5 No. 1-09-CV-149780. The most recent iteration of the complaint in that action, Veripic's Fifth
6 Amended Complaint ("5AC"), alleges twelve causes of action, including false advertising in violation
7 of the Lanham Act, 15 U.S.C. § 1125(a), and false advertising and unfair competition under California
8 law. On July 18, 2012, nearly three years after filing the first suit, Veripic filed another a complaint
9 against the same corporate defendants in this Court. As later amended, the federal complaint asserts
10 seven causes of action, including three that are identical to those asserted in the state court action: false
11 advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(fifth cause of action); false advertising
12 (sixth cause of action); and unfair competition under California law (seventh cause of action). *See*
13 FAC.

14 Defendant's instant motion seeks either dismissal or stay of the fifth, sixth, and seventh causes
15 of action in Veripic's federal suit based on the *Colorado River* abstention doctrine, which permits a
16 federal court to refuse jurisdiction when there are concurrent state and federal proceedings involving
17 the same matter. *See Colorado River Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).
18 Defendants argue that abstention is warranted here because the state court claims are substantially
19 similar to the federal claims. While plaintiff admits that the causes of action are identical, plaintiff
20 disputes that they are substantially the same claims because the federal and state court actions are
21 premised on entirely different facts, circumstances and evidence. As such, plaintiffs argue that the three
22 federal causes of action at issue here could survive even if plaintiff fails to prove the identical causes
23 of action in state court.

**LEGAL STANDARD**

26 Generally, considerations of "wise judicial administration, giving regard to conservation of
27 judicial resources and comprehensive disposition of litigation" may counsel granting a stay when there
28 are concurrent state proceedings involving the same matter in the federal district court. *Colorado River*,

2

424 U.S. 800, 817 (1976). The threshold for applying the *Colorado River* doctrine is whether the two cases are substantially similar. *Ross v. U.S. Bank Nat. Ass'n.*, 542 F. Supp. 2d 1014, 1021 (N.D. Cal. 2008). Substantial similarity does not mean that the cases must be identical. *Nakash v. Marciano*, 882 F. 2d 1411, 1416 (9th Cir. 1989). However, "[o]nly exceptional circumstances justify such a stay, and whether these circumstances exist is determined by weighing a complex of factors." *Intel Corp. v. Advanced Micro Devices,* 12 F.3d 908, 912 (9th Cir. 1993). The Ninth Circuit has held that the existence of a substantial doubt as to whether the state proceedings will resolve the federal action is a dispositive factor against a stay or dismissal under the *Colorado River* analysis. *See Intel Corp.*, 12 F.3d at 913; *see also Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 28 (1983).

*R.R. Street & Co. Inc. v. Transport Ins. Co. ,* 656 F.3d 966, 978-79 (9th Cir. 2011) drew from *Colorado River* the following factors: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. Whether the claims are substantially similar comes into play when analyzing whether the state court proceedings will resolve all issues before the federal court. *Id.* at 982-983. Courts must carefully balance the relevant factors, with the balance heavily weighted in favor of the exercise of jurisdiction. *Id.* at 983.

**DISCUSSION**

The threshold for applying the *Colorado River* doctrine is whether the two cases are substantially similar. The actions are "substantially similar" where "the same parties are contemporaneously litigating substantially the same issues." *Natomas Gardens Investment Group LLC v. Sinadinos*, No. 08-2308, 2009 U.S. Dist. LEXIS 39907, at * 24 (E.D. Cal. May 12, 2009). To exercise abstention, the Ninth Circuit has said that the state court proceedings must be "sufficiently similar to the federal proceedings to provide relief for all of the parties' claims." *Intel Corp.,* 12 F.3d at 913 n.4. A federal court should not grant a stay or dismissal if there is "substantial doubt" that the state court action will result in a

"complete and prompt resolution of the issues between the parties" with the federal court having "nothing further to do in resolving any substantive part of the case." *Id.* at 913.

To demonstrate that the fifth, tenth, and eleventh causes of action in the state court action are substantially similar to the fifth, sixth, and seventh causes of action in the federal court action, defendant simply quotes the general averments in each complaint. Mot. to Dis. At 3-4. For example, the 5AC claims that defendants' "false and misleading advertising . . . is likely to, and has, caused deception of the general public" and that defendant conducted "unlawful and unfair business practices . . . that constitute unfair competition." *Id.* However, as plaintiff observes, the general averments for unfair competition and false advertising in its complaints are likely similar to hundreds of complaints in state and federal court. Pl.'s Opp. at 1. What issues that matter for substantial similarity, plaintiffs assert, are the facts and circumstances that give rise to each cause of action. *Id.* The Court agrees.

The facts and circumstances that give rise to the 5AC in the state court action are quite distinct from those that give rise to the FAC in this Court. First, the parties to the suit are not identical. The plaintiffs in the state court action are Veripic as well as John Kwan, CEO of Veripic. The defendants are Foray, Does 5-10, and several Foray employees: David Witzke, Michal Temple, Donnie McFall, Thomas Hennings. *See* 5AC. In the federal case, Veripic and Foray are the only parties. *See* FAC.

Second, the crux of Veripic's state court action is libel, with the unfair competition and false advertising claims closely related to the defamation allegations. 5AC ¶ 1. Specifically, it alleges that Foray formed a conspiracy to "systematically disparage plaintiff's business reputations as well as its digital asset management products" at least from September 2008, and possibly before, *id.* ¶ 15, through a mass e-mail campaign, phone calls, in-person conferences with Veripic's customers, prospective clients, partners, competitors, and the public throughout the United States and Canada. *Id.* ¶ 19-22, 30. As a result, Veripic alleges it lost more than $25 million in business. *Id.* ¶ 38. By contrast, the federal action sounds in copyright, with the unfair competition and false advertising claims arising from facts related to the copyright allegations: 1) copyright infringement of Veripic's copyrighted Digital Photo Lab software and Calibration Module add-on, *id.* ¶ 10-21, and 2) false advertising as to the true nature of Foray's Authenticated Digital Asset Management System ("ADAMS") software. *Id.* ¶ 22-23. Specifically, Veripic alleges Foray induced Veripic's customers to breach their End User License

4

Agreements ("EULA") for Veripic's proprietary Digital Photo Lab software and Calibration Module add-on by providing unauthorized copies of it to Foray employees, *id.* ¶ 17-18, which Foray then used to produce derivative works sold as an update to Foray's Image Calibration Utility. *Id.* ¶ 19-20. Moreover, Veripic alleges Foray implemented a scheme to deceive customers in the law enforcement community as to the nature of its product by advertising its Authenticated Digital Asset Management System ("ADAMS") software as authentication software that complies with guidelines promulgated by the Scientific Working Group on Imaging Technology ("SWGIT"), *id.* ¶ 22-29, when in fact the ADAMS software ensures the integrity of software and does not authenticate it. *Id.* ¶ 30-34.

Given the different facts and circumstances plaintiffs allege in each action, the Court finds that the claims are not substantially similar. First, plaintiffs have demonstrated that their claims could survive in each court without the other, as they are based on different sets of facts. Second, the state court action will not result in a "complete and prompt resolution of the issues between the parties," *Intel Corp.,* 12 F.3d at 913, because the fifth, sixth, and seventh causes of action in federal court are based on Foray's alleged copyright infringement of Veripic's Digital Photo Lab software and the resulting unfair competition, and Foray's alleged false advertising as to the nature of its ADAMS software. Federal courts have exclusive jurisdiction over copyright claims pursuant to 28 U.S.C. § 1338(a). And resolution of the copyright claims here seems closely related to resolution of the disputed causes of actions. Therefore, it is unlikely that the state court action could resolve the issues presented on the same causes of action in this Court.

Defendant also raises "inevitable *res judicata* concerns," arguing that Veripic will likely want to assure that all of its claims for false advertising and unfair competition are properly included in whichever action goes to trial first. Mot. to Dismiss at 8. The Court disagrees. "*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio Servs. Co v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997). *Res judicata* applies whenever there is 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties. *Id.* The possibility of future amendment is irrelevant, as plaintiffs argue, because "the question of parallelism must be determined in accordance with how the

5

state court proceedings currently exist, rather than how the state court proceedings may be modified by amended cross-complaints or joinder of additional parties." Pl.'s Opp. at 9. Thus, defendant's *res judicata* concern is not ripe, as there has been no final judgment on the merits; in fact, the state court action has not even commenced trial. Mot. to Dismiss at 5.

The Supreme Court and the Ninth Circuit have made clear that *Colorado River* abstention is an "*exceptional*" doctrine. *Colorado River*, 424 U.S. at 818 (emphasis in original). Thus, "*[o]nly the clearest of justifications will warrant dismissal.*" *Id.* at 829 (emphasis in original); *accord Travelers Indemnity Co. v. Madonna,* 914 F.2d 1364, 1369 (9th Cir. 1990) ("Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one"). Defendant has failed to show, as a threshold matter, that the claims are substantially similar. Therefore, the Court declines to apply this exceptional doctrine to the instant case.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss or stay.

**IT IS SO ORDERED.**

Dated: November 1, 2012

SUSAN ILLSTON
United States District Judge

6