1  James S. Greenan (SBN 53648)
   Chip Cox (SBN 159681)
2  GREENAN, PEFFER, SALLANDER & LALLY LLP
   6111 Bollinger Canyon Road, Suite 500
3  San Ramon, California 94583
   Telephone:    925-866-1000
4  Facsimile:    925-830-8787

5  Attorneys for Defendant
   FORAY TECHNOLOGIES, LLC
6
   Dhaivat H. Shah (SBN 196382)
7  David I. Siegel (SBN 264247)
   GRELLAS SHAH LLP
8  20400 Stevens Creek Boulevard, Suite 280
   Cupertino, California  95014
9  Telephone: 408-255-6310
   Facsimile:  408-255-6350
10
11 Attorneys for Plaintiff
   KWAN SOFTWARE ENGINEERING, INC.,
12 a California corporation, dba VERIPIC, INC.

13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                      SAN FRANCISCO DIVISION

17

18 KWAN SOFTWARE ENGINEERING, INC,  )  Case No.: CV-12-03762 PSG
   a California Corporation, dba VERIPIC, INC.,  )
19                                   )  PLAINTIFF KWAN SOFTWARE
                                     )  ENGINEERING, INC DBA VERIPIC,
             Plaintiff,              )  INC'S MOTION TO COMPEL
20                                   )  DEFENDANT FORAY TECHNOLOGIES,
       vs.                           )  LLC TO BEGIN AND COMPLETE ITS
21                                   )  DOCUMENT PRODUCTION --
   FORAY TECHNOLOGIES, LLC, a Delaware )  PARTIES' JOINT STATEMENT
22 Limited Liability Company,        )
                                     )
23           Defendant.              )
                                     )  Hon: Judge Susan Illston
24                                   )
                                     )
25 _____

26

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

## PLAINTIFF KWAN SOFTWARE ENGINEERING DBA VERIPIC ("VERIPIC")'S POSITION

Plaintiff Kwan Software Engineering dba VeriPic ("VeriPic") respectfully moves to compel Defendant Foray Technology, LLC ("Foray") to begin and complete its production of documents.[1]

VeriPic served its Requests For Production on December 11, 2012.[2] Foray served responses on January 14, 2013.[3] Yet, as of today, over 8 months later, Foray has not produced a single document. Foray will not tell VeriPic when it will complete its production of documents. It won't even say when it will begin its production of documents.

The parties held an in-person conference on March 12, 2013. During that conference Foray agreed to modify some of the positions in its formal discovery responses to VeriPic's satisfaction. The parties also discussed the scope of Foray's collection and production of electronically-stored information ("ESI") and agreed to expeditiously negotiate an agreed list of keywords and custodians.

Since then, all we have seen is foot-dragging and delay. Through written and telephone correspondence, each punctuated by long and unexplained delay by Foray's counsel, the parties have arrived at an agreed list of custodians and keywords.[4] But Foray has not, despite repeated requests, given VeriPic an estimate of when it will begin its production or when it will end it.

It is not for lack of trying. VeriPic's counsel has repeatedly demanded this information. But it is has also, to its regret, accepted repeated representations from Foray's counsel that they

---

[1] Document Request No. 8, referred to in Foray's response below, which seeks "all CORRESPONDENCE sent by FORAY to or received by FORAY from any VERIPIC CUSTOMER," is not at issue. VeriPic voluntarily withdrew that request in March 2013.

[2] A true and correct copy of VeriPic's Requests for Production are attached as Exhibit A.

[3] A true and correct copy of Foray's Responses are attached as Exhibit B.

[4] A true and correct copy of the parties' agreed lists of keywords and custodians is attached as Exhibit C.

Greenan,
Peffer,
Sallander &
Lally LLP

JOINT STATEMENT                                    Case No. CV-12-03762 PSG

1  are proceeding in good faith, attempting to develop protocols and analyze data with their client

2  and an ESI vendor, etc.

3      We are fast approaching the February 10, 2014, trial date in this matter.  The discovery

4  cut-off is on November 8, 2013.  Without any documents VeriPic cannot investigate its claims or

5  depose witnesses.  The documents requested are critical to both VeriPic's false advertising

6  claims and its copyright infringement claims.

7      The only concession that Foray has made is that it has agreed that VeriPic may freely use

8  documents Foray produced to VeriPic in a different state court action.  The issues in that action

9  are distinct, as was Foray's scope and production of ESI.  In that action, Foray searched only a

10 subset of 5 of the 11 custodians agreed in this action, omitting all engineering personnel that are

11 likely to be key repositories of information in this action.  Moreover, nearly all of the agreed

12 keywords in this action were not searched in the state court action.  For example, no searches for

13 the term "authentication" or variants thereof, which are central to VeriPic's Lanham Act and

14 false advertising claims, were part of the state court production.

15     Moreover, Foray claims that "Veripic agreed to the internal review and production of

16 documents that Foray proposed by letter dated June 26, 2013."  But this is untrue.  While

17 VeriPic agreed that Foray could harvest ESI in-house in a forensically sound manner and run

18 searches for the keywords agreed upon by the party, VeriPic has made clear that the results of

19 such keyword searches would need to be provided to outside counsel for judgmental review.

20 VeriPic has insisted that no judgmental review should be performed by Foray personnel.

21     It is unacceptable that Foray has not even begun a production of documents in response

22 to document requests VeriPic propounded on December 12, 2012.  This delay threatens

23 significant prejudice.  VeriPic therefore respectfully requests that the Court Order Foray to

24 complete its production of documents within 10 days of the Court's Order.

25

26          **FORAY TECHNOLOGIES LLC ("FORAY")'S POSITION**

27     Foray opposes Veripic's request for an Order that responsive documents must be

28 produced in ten days.  The scope of documents Veripic seeks and Foray has agreed to produce

Greenan,
Peffer,
Sallander &
Lally LLP

2

1  are substantial, and Veripic's demand that Foray produce any additional, responsive documents

2  in ten days cannot be met. Foray asks that any deadline established for production of documents

3  be no earlier than August 16, 2013.

4      Veripic asserts that "Foray as not produced a single document," but that is not accurate.

5  Foray and Veripic have agreed that the 112,508 pages of documents produced in the related state

6  court action may be deemed produced in this action. These documents are responsive to a

7  substantial scope of Veripic's document requests in this action.

8      Two requests specifically, reflect the breadth of Veripic's requests: "All DOCUMENTS

9  that REFER or RELATE to VERIPIC, including any product sold or produced by VERIPIC,"

10  (Document Request No. 3); and all CORRESPONDENCE sent by FORAY to or received by

11  FORAY from any VERIPIC CUSTOMER." (Document Request No. 8). Because Foray and

12  Veripic often at least correspond with, if not compete for, many of the same potential customers,

13  the documents responsive to these Requests include a substantial portion of all the documents

14  Foray has generated over the past several years. Foray discussed these Requests with its ESI

15  vendor, and determined that the scope of production would be significant and burdensome.

16  Instead of quarreling over the scope of these Requests, Foray and Veripic agreed that the

17  documents Foray has produced in the state court action would be deemed produced in this

18  action.[5]

19      Foray has also agreed to produce additional documents responsive to Veripic's document

20  requests, specifically in this action, but that production has proven expensive and time

21  consuming. After Foray and Veripic agreed in March to include the state court documents in this

22

23  [5] Foray understood, perhaps erroneously, that its agreement that the documents produced in the state court action

24  would be deemed produced in this action was part of Veripic's agreement to withdraw Request No. 8. Regardless,

25  Foray has agreed to Veripic's request that the 112,508 pages of documents produced in the state court action be

26  deemed produced in this action. More than half of those documents, 62,990, were produced in the last 6 months.

27  Foray's point is that it has identified, reviewed and produced a substantial number of documents in the last few

28  months.

Greenan,
Peffer,
Sallander &
Lally LLP

3

1    action, Foray investigated the cost of producing the additional documents Veripic requested.  By

2    letter dated June 10, Foray reported that its vendor estimated it would cost more than $130,000 to

3    identify and produce the documents Veripic had requested.  This cost is prohibitively expensive

4    to a company the size of Foray, and Foray reported that instead, it would review and produce the

5    additional documents in house.[6]

6         At the same time Foray was conducting this investigation, Veripic filed its *Seventh*

7    *Amended Complaint* in the state court action, by which it substantially expanded the scope of

8    that state court action.  (On December 13, 2012 Foray had produced 43,989 pages of documents;

9    since then Foray has reviewed and produced an additional 68,519 pages of documents in the state

10   court action.  The last significant production was completed on June 25, 2013.)  Foray also

11   continues its business operations during this time, and it is difficult to both operate the business

12   AND conduct the document review and production that Veripic has requested.

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23

24   [6] Veripic's objection to Foray's production "in house" is a "disagreement" over terms.  Foray has agreed to do as

25   Veripic described in its next to last complete paragraph, and has labeled that review and production "in house" as a

26   short-hand reference.  Foray does not contest its agreement to do as Veripic has described.  Foray's effort to avoid

27   financially crippling discovery expenses has limited Foray's ability to more quickly respond to Veripic's document

28   requests.

Greenan,
Peffer,
Sallander &
Lally LLP

4

1    Veripic agreed to the internal review and production of documents that Foray proposed

2   by letter dated June 26, 2013.  Foray is making a reasonable effort to identify and produce those

3   additional documents.  Foray asks that any deadline for production of those documents be no

4   earlier than August 16, 2013.

5

6   Dated: July 29, 2013

7                                              GREENAN, PEFFER, SALLANDER & LALLY LLP

8

9                                              By: _____/s/_____

10                                                     Chip Cox
                                               Attorneys for Defendant Foray Technologies, LLC
11

12

13  Dated: July 29, 2013

14                                             GRELLAS SHAH LLP

15

16                                             By: _____/s/_____

17                                                     Dhaivat Shah
                                                       David Siegel
                                               Attorneys for Plaintiff Kwan Software Engineering,
18                                             Inc., dba Veripic, Inc.

19

20

21

22

23

24

25

26

27

28

Greenan,
Peffer,
Sallander &                                    5
Lally LLP
         JOINT STATEMENT                                           Case No. CV-12-03762 PSG

# EXHIBIT A

1  GRELLAS SHAH LLP
   GEORGE GRELLAS, ESQ. (SBN 83540)
2  (gg@grellas.com)
   DHAIVAT H. SHAH, ESQ. (SBN 196382)
3  (ds@grellas.com)
   DAVID I. SIEGEL, ESQ. (SBN 264247)
4  (dsiegel@grellas.com)
   20400 Stevens Creek Blvd, Suite 280
5  Cupertino, CA  95014
   Telephone: (408) 255 - 6310
6  Facsimile: (408) 255 - 6350

7  Attorneys for Plaintiff
   KWAN SOFTWARE ENGINEERING, INC.,
8  a California corporation, dba VERIPIC, INC.

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13  KWAN SOFTWARE ENGINEERING,        Case No.:  CV-12-03762 SI
    INC., a California corporation, dba
14  VERIPIC, INC.,                    **PLAINTIFF KWAN SOFTWARE
                                      ENGINEERING, INC.'S REQUESTS FOR
15             Plaintiff,             PRODUCTION TO DEFENDANT FORAY
                                      TECHNOLOGIES, LLC**
16       v.

17  FORAY TECHNOLOGIES, LLC, a
    Delaware Limited Liability Company,
18
               Defendant.
19

20

21

22

23

24

25

26

27

28
                                              EXHIBIT A

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

PROPOUNDING PARTY: KWAN SOFTWARE ENGINEERING, INC.,
dba VERIPIC, INC.

RESPONDING PARTY:   FORAY TECHNOLOGIES, LLC

SET NUMBER:   ONE (1)

Plaintiff Kwan Software Engineering, Inc. dba VeriPic, Inc. ("VeriPic") propounds the following requests for production to defendant Foray Technologies, LLC ("Foray") pursuant to Rule 34 of the Federal Rules of Civil Procedure.

I.

DEFINITIONS

1.   The terms "YOU" and "YOUR," as used herein, shall refer to Defendant Foray Technologies, LLC (hereinafter, "FORAY") and any other persons acting or purporting to act on behalf of FORAY, including, but not limited to, FORAY'S agents, employees, attorneys, partners, subsidiaries, related entities, investigators, and any other persons acting on behalf of Defendant and/or any agent, employee, attorney, partner, subsidiary, or related entity which has possession, custody, or control of any DOCUMENT or DOCUMENTS requested herein.

2.   The term "PERSON," used herein, shall refer to any natural person; public or private corporation, whether organized for profit ; governmental entity ; partnership; association; cooperative; joint venture; sole proprietorship ; or other legal entity . With respect to a business entity, the term "PERSON"includes any natural person acting formally or informally as an employee, officer, agent, attorney, or other representative of the business entity.

3.   The terms "VERIPIC" as used herein, shall refer to Kwan Software Engineering, Inc., dba Veripic (hereinafter, "VERIPIC") and any other persons acting or purporting to act on behalf of VERIPIC, including, but not limited to, VERIPIC's agents, employees, attorneys, partners, subsidiaries, related entities, investigators, and any other persons acting on behalf of VERIPIC and/or any agent, employee,

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

attorney, partner, subsidiary, or related entity which has possession, custody, or control of any DOCUMENT or DOCUMENTS requested herein.

4.     The term "VERIPIC CUSTOMER" as used herein, shall refer to any PERSON that has purchased any product sold or produced by VERIPIC.

5.     The term "SWGIT" as used herein refers to the Scientific Working Group for Imaging Technologies.

6.     The term "AUTHENTICATION" as used herein refers to any form of the word authentication, including but not limited to the term "authenticate," "authenticates," "authenticity," or "authentic."

7.     The term "SOURCE CODE" as used herein refers to the collection of computer instructions written using some human-readable computer language.

8.     The terms "CONCERN", "CONCERNING", "INVOLVE", "INVOLVING", "EVIDENCE," "EVIDENCING", "SUPPORT", "SUPPORTING "REFER", "REFERRING TO", "RELATE" and "RELATING TO" (or any variations thereof) mean the mentioning, describing, pertaining to, referring to, connected with, created in connection with or as a result of, embodying, evaluating, analyzing, reflecting, constituting, or otherwise containing any information about, directly or indirectly, implicitly or explicitly, in whole or in part, a subject matter stated herein.

9.     The term "DOCUMENT" shall mean any writing and shall include any and all originals, copies, duplicates, and drafts, or other recordings of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, or by mechanical, electronic, microfilm, photographic, or phonic means, or by any other means including but not limited to abstracts; address books; account statements; agreements; analyses of any kind; appointment books; audits; book statements; bids; billings; books of account; brochures; calendars; canceled checks; charts; check stubs; circulars; COMMUNICATIONS; compilations; computer cards, disks, files, hard drives, records, runs, printouts, and programs; consultants' reports or studies; contracts; CORRESPONDENCE; desk calendars; diagrams; diaries; disks; drawings; e-mails, electronic mailings or transmissions, estimates; expense

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

2

1   account records; experts' reports or studies; financial statements or calculations; graphs; house

2   organs or publications; inspection records, sheets, and reports; inter-office or intra-office

3   COMMUNICATIONS; invoices; job descriptions or assignments; layouts; ledgers; letters;

4   licenses; lists; manuals; maps; memoranda of any kind; microfilm; minutes or records of any

5   movies; notes; notebooks; opinions; organizational charts, directories, tables, and lists;

6   pamphlets; permits; photographs; pictures; plans; projections; promotional materials; press

7   releases or clippings; publications; purchase orders; procedures; quotations; records and

8   recordings of any kind; rework instructions, orders, and procedures; schedules; sketches;

9   specifications; statements; statistical analyses; stenographers' notebooks; studies of any kind;

10  subcontracts; summaries; tabulations; tallies; tapes; telegrams; teletype messages;

11  undertakings; video tapes; vouchers; working papers and files.

12      10.     The term "CORRESPONDENCE" as used herein, shall refer to all letters,

13  telegrams, notices, messages, email, or other written communications or memoranda, or other

14  records of conversations, meetings, conferences or other oral communications.

15      11.     The term "IDENTIFY", when used with respect to an individual or entity,

16  means to state that individual or entity's full name, last known address, and telephone number.

17  When used with respect to an entity it also means to state the name and capacity of that

18  individual employed or otherwise associated with that entity who is most familiar with the

19  information requested.

20      12.     The term "IDENTIFY", when used with respect to a DOCUMENT or

21  DOCUMENTS, means to state the date and general nature or description of such

22  DOCUMENT or DOCUMENTS, the author(s) and recipient(s), and the present location of all

23  copies.

24      13.     "ALL" means all or any, and the term "ANY" means any or all.

25      14.     The connectives "AND" and "OR" shall be construed either disjunctively or

26  conjunctively as necessary to bring within the scope of the discovery request all responses that

27  might otherwise be construed to be outside of its scope.

28      15.     The reference to any date specified herein shall be deemed to include such date.

Plaintiff Kwan Software Engineering, Inc.'s Document Requests to Defendant Foray Technologies, LLC

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD., SUITE 280
CUPERTINO, CA 95014

## II.

## INSTRUCTIONS

1.      YOU are required to produce any/all documents requested that are within YOUR possession, custody or control or that are within the possession, custody or control of any of YOUR attorneys, investigators, accountants, agents and/or any other persons acting or purporting to act on YOUR behalf.

2.      YOU are required to produce all electronic documents in searchable electronic form, including associated metadata.

3.      YOU are required to produce any/all documents in the same form and in the same order in which they exist as of the service hereof.  Any/all documents are to be produced in the boxes, file folders, bindings, or other containers in which they are presently found.  The titles, labels or any other descriptions on the boxes, file folders, bindings or other containers are to remain and be left intact.

4.      Each paragraph and subparagraph in the section which follows and is entitled "Documents Requested" shall be construed independently and without reference to any other paragraph or subparagraph for purposes of limitation or exclusion of documents.

5.      If any/all documents implicated by this Request has been lost, destroyed, discarded, or otherwise disposed of, identify such document as completely as possible, by including, without limitation, the following information:

> a. the date of disposal, approximate if necessary;
>
> b. the manner of disposal;
>
> c. the reason for disposal;
>
> d. the person causing or authorizing the disposal; and
>
> e. the person disposing of the document.

6.      If YOU maintain that any/all documents requested is protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege, specify the protection claimed, describe the precise ground for the protection, including the relevant attorney(s) and client(s) on which the protection is asserted, and identify the document with

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

1   particularity, including the type of document, its author, date of creation, recipients thereof,

2   present custodian, subject matter, number of pages, and the paragraph in the section

3   "Documents Requested" to which such document RELATE.

4

5                              **DEMANDS FOR PRODUCTION**

6   **REQUEST FOR PRODUCTION NO. 1:**

7       All DOCUMENTS that REFER or RELATE to FORAY'S selection of the product

8   name "Authenticated Digital Asset Management System" or its abbreviation "ADAMS."

9   **REQUEST FOR PRODUCTION NO. 2:**

10      All DOCUMENTS that REFER or RELATE to the product name "SDAMS,"

11  including but not limited to any DOCUMENTS that REFER or RELATE to any deliberations

12  regarding FORAY'S potential use of the name "SDAMS" for any FORAY product and any

13  DOCUMENTS that REFER or RELATE to FORAY'S decision not to use the product name

14  "SDAMS."

15  **REQUEST FOR PRODUCTION NO. 3:**

16      All DOCUMENTS that REFER or RELATE to VERIPIC, including any product sold

17  or produced by VERIPIC.

18  **REQUEST FOR PRODUCTION NO. 4:**

19      All DOCUMENTS that REFER or RELATE to AUTHENTICATION, excluding any

20  DOCUMENTS for which the only reference to AUTHENTICATION contained therein is the

21  name "Authenticated Digital Asset Management System" or its abbreviation "ADAMS."

22  **REQUEST FOR PRODUCTION NO. 5:**

23      All DOCUMENTS that REFER or RELATE to the SWGIT workflow diagram

24  attached hereto as Exhibit A.

25  **REQUEST FOR PRODUCTION NO. 6:**

26      A complete copy of every version of the SOURCE CODE for FORAY's Image

27  Calibration Utility written or modified since 2003.

28

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

Plaintiff Kwan Software Engineering, Inc.'s Document Requests to Defendant Foray Technologies, LLC

1 **REQUEST FOR PRODUCTION NO. 7:**

2      All DOCUMENTS that REFER or RELATE to FORAY's Image Calibration Utility.

3 **REQUEST FOR PRODUCTION NO. 8:**

4      All CORRESPONDENCE sent by FORAY to or received by FORAY from any

5 VERIPIC CUSTOMER.

6 **REQUEST FOR PRODUCTION NO. 9:**

7      All DOCUMENTS that REFER or RELATE to any discussion by FORAY of

8 accessing any software sold or produced by VERIPIC, including but not limited to any

9 discussion by FORAY of any attempt (whether or not successful) to view, use, obtain a copy

10 of or obtain the SOURCE CODE for any software sold or produced by VERIPIC.

11 **REQUEST FOR PRODUCTION NO. 10:**

12      All DOCUMENTS that REFER or RELATE to any attempt by FORAY to access any

13 software sold or produced by VERIPIC, including but not limited to any attempt by FORAY

14 (whether or not successful) to view, use, obtain a copy of or obtain the SOURCE CODE for

15 any software sold or produced by VERIPIC.

16

17

18

19 Dated:  December 11, 2012                    GRELLAS SHAH LLP

20

21                                        By: _____
                                              David Siegel, Esq.
22                                            Attorneys for Plaintiff
                                              KWAN SOFTWARE ENGINEERING, INC.,
23                                            dba VERIPIC, INC.

24

25

26

27

28

Plaintiff Kwan Software Engineering, Inc.'s Document Requests to Defendant Foray Technologies, LLC

GRELLAS SHAH LLP
20400 STEVENS CREEK BLVD, SUITE 280
CUPERTINO, CA 95014

# EXHIBIT B

1   James S. Greenan (SBN 53648)
    Chip Cox (SBN 159681)
2   GREENAN, PEFFER, SALLANDER & LALLY LLP
    Post Office Box 10
3   6111 Bollinger Canyon Road, Suite 500
    San Ramon, California 94583
4   Telephone: (925) 866-1000
    Facsimile: (925) 830-8787
5

6   Attorneys for Foray Technologies, LLC, a
    Delaware Limited Liability Company
7

8

9                   UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO

12   KWAN SOFTWARE ENGINEERING, INC., )   Case No.: CV-12-03762 SI
     a California corporation, dba VERIPIC, INC., ,)
13                                            )   **DEFENDANT FORAY TECHNOLOGIES,**
                                              )   **LLC'S RESPONSE TO PLAINTIFF**
14                   Plaintiff,               )   **KWAN SOFTWARE ENGINEERING'S**
                                              )   **REQUEST FOR PRODUCTION OF**
15            vs.                             )   **DOCUMENTS**
                                              )
16   FORAY TECHNOLOGIES, LLC, a Delaware )
     Limited Liability Company,               )
17                                            )
                                              )
18                   Defendant.               )
                                              )
19   ─────────────────────────────────────  )

20

21

22

23

24

25

26

27

28

Greenan,
Peffer,
Sallander &
Lally LLP

RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION          EXHIBIT B          CASE NO. CV-12-03762 SI

PROPOUNDING PARTY:   KWAN SOFTWARE ENGINEERING, INC., dba VERIPIC, INC.

RESPONDING PARTY:   FORAY TECHNOLOGIES, LLC

SET NUMBER:   ONE (1)

## GENERAL OBJECTIONS

1.    Foray generally objects to Veripic's definition of "You" and "Your" as overbroad, vague and ambiguous on the grounds that it includes individuals and entities who are not part of Foray Technologies and asks Foray to produce documents that are not within its possession, custody or control.

2.    Foray generally objects to these Requests to the extent they seek documents protected from disclosure by the attorney-client privilege or as work product.

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that REFER or RELATE to FORAY'S selection of the product name "Authenticated Digital Asset Management System" or its abbreviation "ADAMS."

## RESPONSE TO REQUEST NO. 1:

Foray objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or as work product. Foray also objects to this Request to the extent it seeks documents with confidential information or trade secrets. Subject to and without waiving its objections, Foray will produce all documents responsive to this Request within its possession, custody or control that refer or relate to Foray's selection of the product name "Authenticated Digital Asset Management System" or its abbreviation "ADAMS."

## REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that REFER or RELATE to the product name "SDAMS," including but not limited to any DOCUMENTS that REFER or RELATE to any deliberations regarding FORAY'S potential use of the name "SDAMS" for any FORAY product and any DOCUMENTS that REFER or RELATE to FORAY'S decision not to use the product name "SDAMS."

///

///

Greenan,
Peffer,
Sallander &
Lally LLP

1 | **RESPONSE TO REQUEST NO. 2:**

2 |     Foray objects to this Request as overbroad, unduly burdensome and unreasonably

3 | oppressive, seeking documents that are neither relevant nor reasonably calculated to lead to the

4 | discovery of admissible evidence on the grounds that documents that refer or relate to the

5 | product name SDAMS includes every documents regarding every sale or communication

6 | regarding SDAMS. Foray also objects to this Request to the extent it seeks documents protected

7 | from disclosure by the attorney-client privilege or as work product. Foray further objects to this

8 | Request to the extent it seeks documents with confidential information or trade secrets. Subject

9 | to and without waiving its objections, Foray will produce all documents responsive to this

10 | Request within its possession, custody or control that refer or relate to to any deliberations

11 | regarding Foray's potential use of the name SDAMS and any documents that refer or relate to

12 | Foray's decision regarding use of the product name SDAMS.

13 | **REQUEST FOR PRODUCTION NO. 3:**

14 |     All DOCUMENTS that REFER or RELATE to VERIPIC, including any product sold or

15 | produced by VERIPIC.

16 | **RESPONSE TO REQUEST NO. 3:**

17 |     Foray objects to this Request on the grounds that it is overly broad in scope, in that it

18 | would require Foray to produce any and all documents merely making mention of VeriPic, the

19 | vast majority of which would be entirely unrelated to the present dispute. Foray also objects to

20 | this Request as overbroad, seeking documents that are neither relevant nor reasonably calculated

21 | to lead to the discovery of admissible evidence on the grounds that Veripic has written to the

22 | Court that this action addresses Foray's statement about its own product, and the related state

23 | court action addresses Foray's statements about Veripic's products. Consequently, documents

24 | regarding Foray's statements about Veripic and any product sold by Veripic address "entirely

25 | different facts, circumstances and evidence." Particularly in view of the fact that Veripic and

26 | Foray are frequent, close competitors in the digital asset management software field, and that the

27 | unnecessary divulgence of Foray's (lawful) competitive assessments of Veripic poses a genuine

28 | business risk to the former, Foray asks that any remaining issues not adequately addressed by

Greenan,
Peffer,
Sallander &
Lally LLP

2

1  Veripic's other, comparatively issue-specific document requests be addressed through requests

2  similarly tailored to issues relevant to the current dispute.

3  **REQUEST FOR PRODUCTION NO. 4:**

4      All DOCUMENTS that REFER or RELATE to AUTHENTICATION, excluding any

5  DOCUMENTS for which the only reference to AUTHENTICATION contained therein is the

6  name "Authenticated Digital Asset Management System" or its abbreviation "ADAMS".

7  **RESPONSE TO REQUEST NO. 4:**

8      Foray objects to this Request as overbroad, unduly burdensome and unreasonably

9  oppressive, to the extent it seeks documents that do not expressly reference "authentication," on

10  the grounds that almost every communication with a potential customers regarding ADAMS

11  potentially "relates" to authentication.  Foray also objects to this Request to the extent it seeks

12  documents protected from disclosure by the attorney-client privilege or as work product.  Subject

13  to and without waiving its objections, Foray will produce all documents within its possession,

14  custody or control containing the term "authentication."

15  **REQUEST FOR PRODUCTION NO. 5:**

16      All DOCUMENTS that REFER or RELATE to the SWGIT workflow diagram attached

17  hereto as Exhibit A.

18  **RESPONSE TO REQUEST NO. 5:**

19      Foray objects to this Request to the extent it seeks documents protected from disclosure

20  by the attorney-client privilege or as work product.  Subject to and without waiving its

21  objections, Foray will produce all documents within its possession, custody or control containing

22  the workflow diagram attached as Exhibit A to Plaintiff's Requests for Production.

23  **REQUEST FOR PRODUCTION NO. 6:**

24      A complete copy of every version of the SOURCE CODE for FORAY's Image

25  Calibration Utility written or modified since 2003.

26  **RESPONSE TO REQUEST NO. 6:**

27      Foray objects to this Request on the grounds that it seeks documents containing

28  confidential information and trade secrets.  Subject to and without waiving its objections, Foray

Greenan,
Peffer,
Sallander &
Lally LLP

3

1  will produce all extant versions of the source code for its Image Calibration Utility written or
2  modified since 2003.

3  **REQUEST FOR PRODUCTION NO. 7:**

4      All DOCUMENTS that REFER or RELATE to FORAY's Image Calibration Utility.

5  **RESPONSE TO REQUEST NO. 7:**

6      Foray objects to this Request as overbroad, unduly burdensome and unreasonably
7  oppressive, seeking documents that are neither relevant nor reasonably calculated to lead to the
8  discovery of admissible evidence on the grounds that documents that merely refer or relate to
9  Foray's Image Calibration Utility cannot establish that Foray copied the source code for
10  Veripic's Calibration Module.

11  **REQUEST FOR PRODUCTION NO. 8:**

12      All CORRESPONDENCE sent by FORAY to or received by FORAY from any
13  VERIPIC CUSTOMER.

14  **RESPONSE TO REQUEST NO. 8:**

15      Foray objects to this Request on the grounds that it is oppressive and unduly burdensome,
16  in that it imposes on Foray the extraordinarily time-consuming initial challenge of determining
17  who is (or perhaps "was"; Veripic does not specify whether this Request is limited to
18  communications with entities that were VeriPic customers at the time of the communication, or
19  whether the request also includes communications with entities who at any time, prior or
20  subsequent to the communication, were VeriPic customers) a "VeriPic Customer." Foray also
21  objects to the request as overbroad, seeking documents that are neither relevant nor reasonably
22  calculated to lead to the discovery of admissible evidence on the grounds that correspondence to
23  or from any Veripic customer, without regard to the content of those communications.

24  **REQUEST FOR PRODUCTION NO. 9:**

25      All DOCUMENTS that REFER or RELATE to any discussion by FORAY of accessing
26  any software sold or produced by VERIPIC, including but not limited to any discussion by
27  FORAY of any attempt (whether or not successful) to view, use, obtain a copy of or obtain the
28  SOURCE CODE for any software sold or produced by VERIPIC.

Greenan,
Peffer,
Sallander &
Lally LLP

4

1  **RESPONSE TO REQUEST NO. 9:**

2      Foray objects to this Request to the extent it seeks documents protected from disclosure

3  by the attorney-client privilege or as work product.  Subject to and without waiving its

4  objections, Foray will produce any documents that refer or relate to any discussion by Foray of

5  accessing any software sold or produced by VeriPic.

6  **REQUEST FOR PRODUCTION NO. 10:**

7      All DOCUMENTS that REFER or RELATE to any attempt by FORAY to access any

8  software sold or produced by VERIPIC, including but not limited to any attempt by FORAY

9  (whether or not successful) to view, use, obtain a copy of or obtain the SOURCE CODE for any

10  software sold or produced by VERIPIC.

11  **RESPONSE TO REQUEST NO. 10:**

12      Foray objects to this Request to the extent it seeks documents protected from disclosure

13  by the attorney-client privilege or as work product.  Subject to and without waiving its

14  objections, Foray will produce any documents that refer or relate to any discussion by Foray of

15  accessing any software sold or produced by VeriPic.

16  Dated: January 14, 2013

17

18                  GREENAN, PEFFER, SALLANDER & LALLY LLP

19

20            By: _____

21                     Chip Cox

22              Attorneys for defendant Foray Technologies, LLC

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby declare:

I am employed in the County of Contra Costa, State of California in the office of a member of the bar of this court, at whose direction the following service was made. I am over the age of 18 and not a party to this legal action. My business address is:  Greenan, Peffer, Sallander & Lally, 6111 Bollinger Canyon Road, Suite 500, San Ramon, California 94583.

On the date given below, from the business address indicated above, I served a true and correct copy of:

**DEFENDANT FORAY TECHNOLOGIES, LLC'S RESPONSE TO PLAINTIFF KWAN SOFTWARE ENGINEERING'S REQUEST FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this matter by enclosing said document(s) in a sealed envelope, addressed as follows:

**(SEE ATTACHED SERVICE LIST)**

[X]   **[BY MAIL]**   I am readily familiar with the business practice of Greenan, Peffer, Sallander & Lally for collection and processing of correspondence for mailing with the United States Postal Service, wherein the correspondence would be deposited with the United States Postal Service that same day, in the ordinary course of business. I served such envelope(s) in accordance with said business practice.  [CCP §1013(a)]

[ ]   **[BY FACSIMILE]**   I placed said document(s) to be transmitted via facsimile to the party (ies) at the facsimile number(s) indicated. Said transmission was reported as complete and without error by the transmitting machine.  A copy of the transmission report is attached hereto.  [CRC 2.300 et seq., CCP §1013(e)(f)]

[ ]   **(BY FEDERAL EXPRESS)** I caused such envelope(s) to be handed to a federal express representative on , at the offices of Greenan, Peffer, Sallander & Lally, LLP, 6111

[ ]   **[BY ELECTRONIC SERVICE]**    I caused such document(s) to be transmitted electronically to the party (ies), at the electronic mailing address(es) indicated. Said transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 14, 2013** at San Ramon, California.

_____
Melissa Bender

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**

**Kwan Software Engineering, Inc. v. Foray Technologies, LLC, et al.**

**(United States District Court, Northern District, San Francisco Division, Case No. C V-12-03762**

| | |
|---|---|
| Dhaivat H. Shah, Esq.<br>Grellas Shah LLP<br>20400 Stevens Creek Blvd., Suite 280<br>Cupertino, CA 95014<br>gg@grellas.com<br>ds@grellas.com<br>Telephone:     408-255-6310<br>Facsimile:     408-255-6350 | **Attorneys for Plaintiffs and Cross-Defendants Kwan Software Engineering, Inc. dba Veripic and John Kwan** |

# EXHIBIT C

**KEYWORDS FOR FORAY DOCUMENT PRODUCTION**

- VeriPic
- Kwan
- Digital Photo Lab
- DPL
- SDAMS
- "Secure Digital Asset Management System"
- "Secured Digital Asset Management System"
- SWGIT
- Workflow
- Image Calibration
- Authenticat! (except as used in a signature block *and/or* in the name 'Authenticated Digital Asset Management System' for documents dated after November 1, 2005)."[1]

For the following keywords, we would restrict the search to documents dated *on or before* November 1, 2005:

- ADAMS
- "Authenticated Digital Asset Management System"
- Authenticat!


**CUSTODIANS FOR FORAY DOCUMENT PRODUCTION**

- Tom Hennings
- David Witzke
- Michal Temple
- Donnie McFall
- Lynn Slaughter
- Anna Disney
- Mont Rothstein
- Jason Guffey
- Josh Jones
- Rob Burkindine

---

[1] In a letter dated June 10, 2013, counsel for Foray, Chip Cox, proposed a slightly different version of this keyword: "Authenticat! (except as used in a signature block for documents dated after November 1, 2005)."  In response to Mr. Cox's June 10, 2013, VeriPic proposed the narrower formulation of this keyword set forth above.  The reason for the alternative proposal is that Foray's version of the keyword would likely result in numerous false positive documents, particularly documents in which the only use of the term "authenticat!" was in the context of the name of Foray's product – the "Authenticated Digital Asset Management System."  Foray has not provided its position as to whether it would agree to VeriPic's narrower formulation of the keyword.

EXHIBIT C

- Scott Friend
- Spencer Smith