United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KWAN SOFTWARE ENGINEERING, INC.,

    Plaintiff,

    v.

FORAY TECHNOLOGIES, LLC,

    Defendant.

                              /

No. C 12-03762 SI

**ORDER RE: DISCOVERY DISPUTES**

Now pending before the Court are two discovery disputes: (1) a motion by defendant Foray to compel further responses to its Interrogatories, Set One; and (2) a motion by plaintiff Kwan Software Engineering, Inc., d/b/a VeriPic, Inc. ("VeriPic") to compel production of documents responsive to its Requests for Production, Set One. After Foray filed its motion, but prior to VeriPic's motion, the parties participated in private mediation. That mediation having proved unsuccessful, the Court now rules on the pending discovery disputes as follows:

**1.    Foray's Motion to Compel.**

On September 12, 2012, Foray propounded six interrogatories to VeriPic, asking VeriPic to identify the basis of its copyright infringement contentions. On October 22, 2012, VeriPic filed a response to those interrogatories. Five months later, Foray filed a motion to compel, asserting that the October 22, 2012 response was insufficient. VeriPic concedes that its response was insufficient,

but argues that contention interrogatories are premature at this early stage of the case. VeriPic also intially took the position that it could not fully respond to Foray's contention interrogatories because the responsive information was subject to a protective order in a state court action pending between the same parties. *See Kwan v. Foray*, Santa Clara County Superior Court Case No. 109CV149780. Initially, Foray refused to allow discovery from the state court action to be used in this federal action, thus frustrating VeriPic's ability to respond to the contention interrogatories. Subsequently, the parties have apparently agreed to allow discovery from the state court action to be used in this federal action. Thus, there should be no barrier to VeriPic's ability to respond to these contention interrogatories. Not only are the contention interrogatories no longer premature – Foray's initial request has been pending since September 2012 – the parties' agreement to allow the state court discovery to be used here should enable VeriPic to provide a more comprehensive response.

Accordingly, the Court hereby ORDERS VeriPic to serve supplemental responses to Foray's Interrogatories, Set One, **within two weeks of the entry of this Order**.

## 2. VeriPic's Motion to Compel.

VeriPic served its Requests for Production, Set One, on December 11, 2012. Foray served responses on January 14, 2013. Although Foray has agreed to produce documents responsive to those requests, VeriPic filed this motion to compel on July 29, 2013, asserting that Foray has not done so. Foray does not dispute that it agreed to do so, and has not done so. Instead, Foray contends that many of the documents covered by these requests have been produced in the state court action, or are part of the production continuing in that action. Subsequent to Foray filing its motion to compel in March 2013, as discussed, the parties agreed to allow discovery in the state court action to be used in this federal action. To the extent the documents responsive to VeriPic's request are not covered by the state court production, Foray contends that their production is prohibitively expensive, or at the least difficult. Nonetheless, Foray concedes that it can produce the material using an "in-house" review (rather than paying an outside law firm), by August 16, 2013.

The Court is mindful of Foray's concern that it not be forced to spend money on duplicative productions. Accordingly, to the extent the documents have not already been produced pursuant to the

2

1 parties' agreement regarding production in the state court action, the Court hereby ORDERS Foray to
2 **complete** its production of documents responsive to **within two weeks of the entry of this Order**. This
3 Order resolves Docket Nos. 70 and 76.

**IT IS SO ORDERED.**

Dated: August 6, 2013

SUSAN ILLSTON
United States District Judge