IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., a California corporation d/b/a VERIPIC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FORAY TECHNOLOGIES, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | No. C 12-03762 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS** |

Now pending before the Court is a motion by plaintiff Kwan Software Engineering, Inc., d/b/a VeriPic, Inc. ("VeriPic") for discovery sanctions. Docket No. 82. On September 30, 2013, defendant Foray Technologies, LLC ("Foray") filed a response in opposition to plaintiff's motion. Docket No. 83. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART VeriPic's motion.

**BACKGROUND**

VeriPic served on Foray its Requests for Production, Set One, on December 11, 2012. Foray served responses on January 14, 2013. Although Foray had agreed to produce documents responsive to those requests, VeriPic filed a motion to compel on July 29, 2013, asserting that Foray had not yet produced the documents. Docket No. 76. In response, Foray stated that it could produce the documents by August 16, 2013. *Id.* On August 6, 2013, the Court ordered that to the extent the documents had not

already been produced pursuant to the parties' agreement regarding production in the state court action,[1] Foray must complete its production of responsive documents by August 20, 2013. Docket No. 78.

On August 20, 2013, Foray produced 28,786 pages of documents. Docket No. 82 at 1; Docket No 83 at 3. Foray produced another 100,692 pages on September 13, 2013 and produced another 99,778 pages on September 25, 2013. *Id.* The documents produced were non-searchable TIFFs without any of the associated metadata.[2] *Id.*

By the present motion, VeriPic moves for terminating sanctions against Foray pursuant to Federal Rule of Civil Procedure 37(b), based on Foray's untimely production of documents. Docket No. 82 at 1. In the alternative, VeriPic seeks the following sanctions: (1) that within three business days, Foray must produce all documents responsive to VeriPic's requests in searchable electronic format with metadata included; (2) that VeriPic's non-expert and expert discovery cut-offs be unilaterally extended to December 15, 2013; (3) that Foray be precluded from using any documents produced after August 20, 2013, for any purpose; and (4) that Foray be required to pay monetary sanctions in the amount of $2,880 to reimburse VeriPic for the costs of its motion. *Id.* at 2. VeriPic also requests that the Court leave the trial date unaltered. *Id.* In response, Foray argues that a terminating sanction is unnecessary and that it has offered to make, and is willing to make, any appropriate accommodations to VeriPic. Docket No. 83.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37(b)(2)(A) allows for sanctions where a party "fails to obey an order to provide or permit discovery." Available sanctions include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

A terminating sanction, such as dismissal or default, is a harsh penalty and should only be imposed in extreme circumstances. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). A district court must consider: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need

---

[1] Prior to the motion to compel, the parties had agreed to allow discovery in the state court action to be used in this federal action.

[2] The parties' Joint Case Management Statement provides: "The parties have agreed to produce all ESI in searchable form with associated metadata." Docket No. 77 at 4.

1    to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the
2    disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Dreith v. Nu
3    Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). "[W]here a court order is violated, factors 1 and 2
4    support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability
5    of less drastic sanctions, are decisive." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th
6    Cir. 1998). In addition, in order to warrant a terminating sanction, the party's violations of the court's
7    orders must be due to wilfulness or bad faith. *Dreith*, 648 F.3d at 788.

## DISCUSSION

10   After consideration of the above factors, the Court declines to impose a terminating sanction.
11   VeriPic argues that it is has been prejudiced because Foray's late disclosure of documents has
12   undermined its ability to review the documents prior to the discovery deadlines in this action. Docket
13   No. 82 at 1-2. A sanction less drastic than default is available to remedy any potential prejudice to
14   VeriPic. Specifically, the Court will order Foray to produce the documents in a searchable format with
15   metadata and will amend certain discovery deadlines.[3] In its response, Foray states that it can produce
16   the documents in a searchable format with metadata in a week. Docket No. 83 at 3, 6.
17   Accordingly, the Court orders Foray to produce the documents in a searchable format with the
18   associated metadata by **October 7, 2013**. In addition, the Court amends the pretrial schedule as follows:
19       1.   Plaintiff's non-expert discovery cutoff is **November 29, 2013**.
20       2.   Defendant's non-expert discovery cutoff is **November 8, 2013**.
21       3.   Plaintiff's deadline to designate expert witnesses is **October 31, 2013**.
22       4.   Defendant's deadline to designate expert witnesses is **October 18, 2013**.
23   ///
24   ///
25   ///

---

[3] Because amendment of the schedule rather than default is appropriate, and VeriPic has not shown that it was necessary to file to present motion to achieve amendment of the schedule, the Court declines to award VeriPic monetary sanctions associated with its motion. *See* Fed. R. Civ. P. 37(b)(2)(C).

3

5. The expert discovery cutoff and deadline for the disclosure of rebuttal experts for both parties is **November 29, 2013**.

6. The pretrial conference and trial dates remain unchanged.

**IT IS SO ORDERED.**

Dated: October 1, 2013

_____
SUSAN ILLSTON
United States District Judge