IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., a California corporation d/b/a VERIPIC, INC., <br><br>Plaintiff, <br><br>v. <br><br>FORAY TECHNOLOGIES, LLC, a Delaware Limited Liability Company, <br><br>Defendant. | No. C 12-03762 SI <br><br>**ORDER:** <br><br>**(1) DENYING WITHOUT PREJUDICE THE PARTIES' MOTIONS FOR LEAVE TO FILE UNDER SEAL; AND** <br><br>**(2) REQUIRING THE PARTIES TO PUBLICLY FILE DOCUMENTS THAT WERE PREVIOUSLY FILED UNDER SEAL** |

On December 12, 2013, defendant filed a motion for summary judgment. Docket No. 93. On January 28, 2014, plaintiff filed a motion for leave to file a sur-reply, which was granted by the Court. Docket Nos. 137, 144. On February 3, 2014, defendant filed a motion for leave to file a response to plaintiff's sur-reply, which was granted by the Court. Docket Nos. 145, 149. By the present motions, plaintiff moves to file under seal documents that were filed in support of its sur-reply, and defendant moves to file under seal documents that were filed in support of its response to the sur-reply. Docket Nos. 140, 150. In each of the motions, the parties state that they moved to file these documents under seal because the documents were designated as confidential by another party pursuant to the protective order in this action, but the parties do not take a position as to whether the information is entitled to be filed under seal. *Id.*

Under Civil Local Rule 79-5(e), where "the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order . . . [,] [w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." To date, no party has filed the required declaration in support of either of the motions to seal. Accordingly, the Court DENIES the parties' motions to seal. This denial is without prejudice to a party filing the declaration required by Civil Local Rule 79-5(d)(1)(A) within seven days from the date this order is filed.[1]

In connection with defendant's motion for summary judgment, the parties have filed several motions for leave to file documents under seal. Docket Nos. 99, 112, 124. The Court denied all of these motions in separate orders without prejudice to a party filing the declaration required by Civil Local Rule 79-5(d)(1)(A) within seven days from the date the orders were filed. Docket Nos. 114, 125, 134. No party filed the required declarations by the provided deadlines, making the Court's denials of these motions final. Under Civil Local Rule 79-5(f)(2), if a motion to seal is denied, the submitting party must publicly file an unredacted version of the document(s) within seven days after the denial. A review of the docket shows that the parties have not publicly filed unredacted versions of the documents they sought to file under seal. Accordingly, the Court ORDERS the parties to publicly file unredacted versions of the documents at issue in the Court's prior orders (Docket Nos. 114, 125, 134) within seven days form the date this order is filed.

This Order resolves Docket Nos. 140, 150.

**IT IS SO ORDERED.**

Dated: March 3, 2014

SUSAN ILLSTON
United States District Judge

---

[1] If after seven days, no party files the required declaration, plaintiff and defendant must publicly file unredacted versions of their respective documents within seven days from that date pursuant to Civil Local Rule 79-5(f)(2).

2