IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., a California corporation, d/b/a Veripic, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>FORAY TECHNOLOGIES, LLC, a Delaware limited liability company,<br><br>Defendant. | No. C 12-03762 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

A motion by defendant Foray Technologies, LLC ("Foray") for attorney's fees is scheduled to be heard on April 18, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES Foray's motion.

**BACKGROUND**

Plaintiff Kwan Sotfware Engineering, Inc., d/b/a Veripic, Inc. ("Veripic") is a California corporation that provides digital evidence-related software to police and fire departments, as well as to other entities that need to store and retrieve photos, video, and audio files. First Amended Complaint ("FAC") ¶ 1, 7, 9. Veripic and Foray are direct competitors in the digital asset management software market, which mainly consists of law enforcement agencies. *Id.* ¶ 9.

Veripic produces and sells the "Digital Photo Lab" ("DPL") software, which is "a centerpiece of its digital evidence management suite designed for law enforcement agencies." FAC ¶ 8. One of the "most popular" features of Veripic's DPL software is the "Calibration Module," which permits users

to measure the real life length of objects (in inches or metric units) or distances between objects in a photo using a "simple point and click." *Id.* ¶ 10. As a result, users can know the precise distances within photos and accurately print life-size or scaled images. *Id.* ¶ 11.

Foray produces and sells the "Authenticated Digital Asset Management System" ("ADAMS") software to the same customer base as Veripic targets with its DPL software.[1] *Id.* ¶ 9. Foray's ADAMS software has an "Image Calibration Utility" that performs substantially the same function as Veripic's "Calibration Module" – to allow users to accurately abstract real-life distance from a photo. *Id.* ¶ 15-16. Veripic contends that, until July 2009, Foray's Utility did so in a more "cumbersome" way than Veripic's "simple point and click" method. *Id.*

In addition, the ADAMS software employs a "hash function," which allows the user to validate whether a piece of digital evidence has been manipulated or altered between the time it is entered into the ADAMS software system and a later time when a user wishes to make use of that piece of digital evidence. *Id.* ¶ 32. Veripic's DPL software has technology that allows the user to validate not only whether digital evidence has been altered since it was entered, but also whether the digital evidence has been altered from the moment the picture was originally taken.

On July 18, 2012, Veripic filed the instant action against Foray.[2] On July 30, 2012, Veripic filed a first amended complaint, alleging causes of action for: (1) copyright infringement; (2) inducement of breach of contract; (3) contributory and induced copyright infringement; (4) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*; (5) false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (6) violation of California's False Advertising Law ("FAL"), California Business and Professions Code § 17500 *et seq.*; and (7) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.* Docket No. 4, FAC.

---

[1] Although "ADAMS" originally referred to the software at issue in this case, Foray now uses "ADAMS" to cross-brand a suite of related products, including ADAMS Property & Evidence, ADAMS Crime Scene Photo/Video, ADAMS Bag & Tag, ADAMS Latent/ACE-V, and ADAMS Video Interview.

[2] On August 14, 2009, Veripic had sued Foray in Santa Clara County Superior Court, making related claims. *See Kwan Sotfware Engineering, Inc. v. Foray Technologies, LLC*, No. 1-09-CV-149780.

On October 1, 2012, Veripic filed a motion for a preliminary injunction based on its false advertising claims. Docket No. 22. On January 22, 2013, this Court denied Veripic's motion. Docket No. 62. Veripic appealed, and, on December 27, 2013, the Ninth Circuit affirmed the denial of the motion for preliminary injunction. Docket Nos. 63, 116. On February 11, 2014, this Court granted Foray's motion for summary judgment of all of Veripic's claims and entered judgment in the action in favor of Foray and against Veripic. Docket Nos. 153. 154.

By the present motion, Foray moves for $457,297.99 in attorney's fees and costs. Docket No. 156, Def.'s Mot. Specifically, Foray moves for an award of attorney's fees of $28,151.25 and nontaxable costs of $14,500 under 17 U.S.C. § 505 and attorney's fees of $388,291.25 and nontaxable costs of $26,355.49 under 15 U.S.C. § 1117. *Id.* at 1.

## DISCUSSION

### I.   Attorney's Fees Under 17 U.S.C. § 505

Foray argues that it is entitled to attorney's fees under 17 U.S.C. § 505 for successfully defending itself against Veripic's copyright infringement claims. Def.'s Mot. at 3-7.

Attorney's fees are not awarded in copyright cases as a matter of course. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533-34 (1994). "[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Id.* at 534. Specifically, "[s]ection 505 of the Copyright Act gives discretion to district courts to grant to the prevailing party a 'reasonable attorney's fee.'" *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) (quoting 17 U.S.C. § 505). The most important factor for the Court to consider in deciding whether a fee award is appropriate "is whether an award will further the purposes of the [Copyright] Act." *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013). The primary purpose of the Copyright Act is to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Id.* (quoting *Fogerty*, 510 U.S. at 524); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991) ("The primary objective of copyright is not to reward the labor of authors, but '[t]o promote the Progress of Science and useful Arts.'" (alteration in original)); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975) ("But the ultimate aim is, by this incentive, to stimulate artistic creativity for

3

1 the general public good."). The Court's discretion in this matter can be guided by "five non-exclusive
2 factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective
3 unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular
4 circumstances, to advance considerations of compensation and deterrence." *Seltzer v. Green Day, Inc.*,
5 725 F.3d 1170, 1180-81 (9th Cir. 2013).

6       The Court cannot say that awarding attorney's fees and costs in this case furthers the purposes
7 of the Copyright Act. Although the Court granted summary judgment on the claims, "the mere fact that
8 [the plaintiff] lost cannot establish [its] objective unreasonability." *Seltzer*, 725 F.3d at 1181. There
9 was evidence in the record showing that a Foray salesperson attempted to obtain a copy of Veripic's
10 software and intended to send the software back to Foray's office. Docket No. 124-47, Siegel Decl. Ex.
11 DS32 (October 24, 2005 email from a Foray salesperson to a Foray engineer); *see also* Docket No. 168-
12 11, Siegel Decl. Ex. 5 at 1. Ultimately, Veripic was unable to prove that Foray did in fact obtain access
13 to the software, and Foray succeeded on its affirmative defense of independent creation. However, in
14 light of this evidence, "[t]here is simply no reason to believe that [plaintiff] 'should have known from
15 the outset that [its] chances of success in this case were slim to none.'"[3] *Seltzer*, 725 F.3d at 1181.

16       Moreover, awarding attorney's fees in this action would not "encourage the production of
17 original literary, artistic, and musical expression for the good of the public." *See SOFA Entm't*, 709
18 F.3d at 1280. Foray argues that its defense of Veripic's claims furthers the purposes of the Copyright
19 Act by keeping Veripic's software in the public domain and for use by the public, not just by licensees
20 of the software. Def.'s Mot. at 7. This argument is not supported by the record. In granting summary

---

[3] Foray argues that prior to filing the present action, Veripic should have conducted further investigations to learn that Foray independently created its Image Calibration Utility. The Court does not find this argument credible. To prevail on its motion for summary judgment of its affirmative defense of independent creation, Foray provided the Court with evidence from a source code expert who analyzed the source code for Foray's Image Calibration software as it was archived in 2005 and as it exists in its current version. Docket No. 97, Lerche Decl. Foray fails to explain how Veripic could have conducted a similar source code analysis prior to filing the present action.

Foray also argues that prior to filing the present action, Veripic should have asked its customers whether Foray had requested or obtained Veripic's software. Def.'s Mot. at 5. The Court agrees with Veripic that based on the evidence in the record, Veripic would not have known which customers to contact, and further that Veripic had good reasons not to ask its customers whether they provided Foray copies of its software in violation of federal copyright laws and in breach of their licensing agreements. Pl.'s Opp. at 5.

judgment, this Court never made a ruling with respect to whether the software at issue is entitled to copyright protection. Therefore, in obtaining summary judgment, Foray did not ensure that the software is placed in the public domain. Accordingly, after a review of the relevant factors, the Court declines to exercise its discretion and award defendant attorney's fees under 17 U.S.C. § 505.

## II.   Attorney's Fees Under 15 U.S.C. § 1117

Foray argues that it is entitled to attorney's fees under 15 U.S.C. § 1117 for successfully defending itself against Veripic's false advertising claims. Def.'s Mot. at 7-11.

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Ninth Circuit has held that "this requirement is met when the case is *either* 'groundless, unreasonable, vexatious, *or* pursued in bad faith.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (emphasis in original); *accord Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). The Ninth Circuit has explained that the "exceptional circumstances" requirement is to be construed narrowly. *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008). Where a plaintiff is "able to provide some legitimate evidence" in support of his claims, the case will "likely fall on the unexceptional side of the dividing line." *Secalt*, 668 F.3d at 688.

Veripic's false advertising claims were not groundless, unreasonable, or vexatious. Although the Court granted summary judgment on Veripic's claims, resolution of the claims involved complex interpretations of the relevant industry standards to determine whether the statements at issue were literally false. The Court ultimately rejected Veripic's interpretation of those industry standards, but Veripic's interpretation of the standards was not groundless and unreasonable.

Foray argues that Veripic's claims were groundless and unreasonable because it failed to present any evidence showing that the statements at issue were material or caused it injury. Def.'s Mot. at 8-9. Even assuming this true, in opposing summary judgment, Veripic provided a reasonable argument supported by case law that it was entitled to a presumption of materiality because the statements at issue were literally false and because some of the statements related to an inherent quality or characteristic of Foray's software. Docket No. 124-27 at 19-22 (citing *Healthport Corp. v. Tanita Corp. of Am.*, 563

5

F. Supp. 2d 1169, 1179 (D. Or. 2008); *Chavez v. Blue Sky Natural Bev.*, No. C 06-06609, 2011 U.S. Dist. LEXIS 109738, at *16-17 (N.D. Cal. Sept. 27, 2011)); *see also Pom Wonderful LLC v. Purely Juice, Inc.*, 2008 U.S. Dist. LEXIS 55426, at *29 (C.D. Cal. Jul. 17, 2008) (holding that upon proof of literal falsity, a presumption arises that the false statements actually misled consumers (citing *U-Haul Intl, Inc. v. Jartran, Inc.*, 793 F. 2d 1034, 1041 (9thCir.1986)); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d 197, 209 (9th Cir. 1989); *Am. Specialty Health Group, Inc. v. Healthways, Inc.*, 2012 U.S. Dist. LEXIS 147522, at *12-14 (S.D. Cal. Oct. 12, 2012). Moreover, proof of injury is not required to obtain injunctive relief under the Lanham Act.[4] *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145-46 (9th Cir. 1997) ("'[A] competitor need not prove injury when suing to enjoin conduct that violates section 43(a).' Thus, even if Plaintiffs had failed to raise a triable issue as to causation and injury, their Lanham Act claim would still be viable to the extent it sought an injunction." (citation omitted)).

Foray also argues that Veripic's claims were groundless and unreasonable because they were barred by laches. Def.'s Mot. at 9-10. In granting Foray's motion for summary judgment, the Court did not make a finding with respect to Foray's laches defense. More importantly, in opposing the motion, Veripic reasonably argued that Foray was not entitled to summary judgment of its laches defense because Foray did not put forth any evidence showing when Veripic knew or should have known of the statements at issue. Docket No. 124-27 at 23-24 (citing *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002)).

In addition, Foray argues that Veripic brought its false advertising claims in bad faith because had Veripic believed its claim were valid, it should have brought these claims in the parallel state court action. Def.'s Mot. at 11. The present action involved both false advertising claims and copyright claims. Federal courts have exclusive jurisdiction over copyright claims. 28 U.S.C. § 1338(a); *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). Therefore, Veripic was required to bring its copyright infringement claims in this forum. In denying Foray's motion to

---

[4] In moving for summary judgment, Foray did not challenge Veripic's ability to prove injury. *See* Docket No. 107. Therefore, Veripic was not required to provide evidence of injury at that stage of the litigation.

6

dismiss, the Court held that Foray had failed to show that the claims in this action were substantially similar to the claims in the state court action. Docket No. 38 at 6. In addition, Veripic provided a reasonable basis for why it chose to bring the false advertising claims at issue in this forum along with its copyright claims rather than attempting to bring the claims in state court. Docket No. 15 at 17. Accordingly, Veripic's choice of forum for its false advertising claims does not constitute bad faith conduct.[5]

In sum, the Court concludes that the present action is not an "exceptional" case. Accordingly, the Court denies Foray's motion for attorney's fees pursuant to 15 U.S.C. § 1117.

## CONCLUSION

For the foregoing reasons, the Court DENIES Foray's motion for attorney's fees. Docket No. 156.

**IT IS SO ORDERED.**

Dated: April 17, 2014

SUSAN ILLSTON
United States District Judge

---

[5] In its reply brief, Foray argues for the first time that the claims were brought in bad faith in light of Veripic's conduct in the parallel state court action. Def.'s Reply at 1-4. It is improper to raise new issues in a reply brief, and, therefore, the Court declines to address this issue. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."). In the reply brief, Foray states that its appreciation and assessment of the scope and focus of Veripic's alleged bad faith grew substantially in preparing for the March 21, 2014 hearing before the state court. Def.'s Reply at 2 n.2. This may be true, but Foray has failed to identify any reason why these new arguments could not have been made earlier when it filed its motion for attorney's fees. Moreover, to the extent Foray contends that Veripic engaged in improper conduct in the state court action, those contentions should be brought before the state court. The claims in this action were not groundless or unreasonable, and Foray has not identified any bad faith conduct that occurred in this action.