IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., a California corporation d/b/a VERIPIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORAY TECHNOLOGIES, LLC, a Delaware Limited Liability Company, <br><br> Defendant. | No. C 12-03762 SI <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S MOTION TO FILE UNDER SEAL; AND** <br><br> **(2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE UNDER SEAL** |

On February 25, 2014, defendant filed a motion for attorney's fees. Docket No. 156. On March 25, 2014, plaintiff filed its opposition to defendant's motion. Docket No. 166. On April 1, 2014, defendant filed its reply. Docket No. 175. By the present motions, plaintiff moves to file under seal its opposition and documents that were filed in support of its opposition, and defendant moves to file under seal documents that were filed in support of its reply. Docket Nos. 168, 177. In each of the motions, the parties state that they moved to file these documents under seal because the documents were designated as confidential by another party pursuant to the protective order in this action, but the parties do not take a position as to whether the information is entitled to be filed under seal. *See id.*

Under Civil Local Rule 79-5(e), where "the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order . . . [,] [w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating

Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." To date, a Rule 79-5(d)(1)(A) declaration has been filed with respect only to exhibit C to the declaration of James Greenan in support of Foray's Reply to Its Motion for Attorney's Fees. Docket No. 178, Shah Decl. A Rule 79-5(d)(1)(A) declaration has not been filed with respect to any of the other documents sought to be filed under seal. Therefore, Court denies the parties' motions to seal the documents, except for Exhibit C to the declaration of James Greenan.

Exhibit C is a transcript of the March 21, 2014 hearing before Judge Arand in the parallel state court action.[1] In the declaration of David Shah, plaintiff argues that Exhibit C should be filed under seal because it is subject to a proposed protective order that is pending before Judge Arand in the state action. Docket No. 178, Shah Decl. ¶¶ 2-7. The proposed protective order would only allow the transcript to be used for the purposes of the March 21, 2014 state court hearing. *Id.* ¶¶ 5-6. Plaintiff explains that if the exhibit is filed in the public record, it would essentially moot its requested protective order. *Id.* ¶ 9. In a response to the Shah declaration, defendant states that it does not oppose plaintiff's request to seal Exhibit C. Docket No. 179.

When a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). Because a motion for fees and costs is a non-dispositive motion, the "good cause" standard applies. *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 U.S. Dist. LEXIS 178495, at *3 (N.D. Cal. Dec. 18, 2013). After reviewing the Shah declaration and its attached exhibits, the Court concludes that plaintiff has shown good cause to seal Exhibit C, and its request to seal is narrowly tailored.[2]

Accordingly, the Court DENIES plaintiff's motion to file under seal and GRANTS IN PART and DENIES IN PART defendant's motion to file under seal. Only exhibit C to the declaration of James Greenan in support of Foray's Reply to Its Motion for Attorney's Fees may be filed under seal. **All**

---

[1] The parallel state court action is *Kwan Software Engineering, Inc. v. Foray Technologies, LLC*, Santa Clara County Superior Court No. 1-09-cv-149780 (filed Aug. 14, 2009).

[2] If Judge Arand declines to adopt plaintiff's proposed protective order, then plaintiff must publicly file an unredacted version of Exhibit C or a further declaration establishing good cause to seal the exhibit within seven days from the date of Judge Arand's denial.

**other exhibits previously filed by the parties under seal must be publicly filed as unredacted versions of the documents within seven days from date of this Order as required by Civil Local Rule 79-5(f)(2).** This Order resolves Docket Nos. 168, 177.

**IT IS SO ORDERED.**

Dated: April 18, 2014

SUSAN ILLSTON
United States District Judge