IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWAN SOFTWARE ENGINEERING, INC., a California corporation, d/b/a Veripic, Inc., <br><br> Plaintiff, <br><br> v. <br><br> FORAY TECHNOLOGIES, LLC, a Delaware limited liability company, <br><br> Defendant.                            / | No. C 12-03762 SI <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS** |

A motion by plaintiff Kwan Software Engineering, Inc. d/b/a Veripic, Inc. ("Veripic") for review of the Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d) is scheduled to be heard on May 9, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Veripic's motion.

**BACKGROUND**

Veripic is a California corporation which provides digital-evidence related software to police and fire departments, as well as to other entities that need to store and retrieve photos, video, and audio files. First Amended Complaint ("FAC") ¶ 1, 7, 9. Veripic and defendant Foray Technologies, LLC ("Foray") are direct competitors in the digital asset management software market, which mainly consists of law enforcement agencies. *Id.* ¶ 9.

Veripic produces and sells the "Digital Photo Lab" ("DPL") software, which is "a centerpiece of its digital evidence management suite designed for law enforcement agencies." FAC ¶ 8. One of the

"most popular" features of Veripic's DPL software is the "Calibration Module," which permits users to measure the real life length of objects (in inches or metric units) or distances between objects in a photo using a "simple point and click." *Id.* ¶ 10. As a result, users can know the precise distances within photos and accurately print life-size or scaled images. *Id.* ¶ 11.

Foray produces and sells the "Authenticated Digital Asset Management System" ("ADAMS") software to the same customer base as Veripic targets with its DPL software.[1] *Id.* ¶ 9. Foray's ADAMS software has an "Image Calibration Utility" that performs substantially the same function as Veripic's "Calibration Module" – to allow users to accurately abstract real-life distance from a photo. *Id.* ¶ 15-16. Veripic contents that, until July 2009, Foray's Utility did so in a more "cumbersome" way than Veripic's "simple point and click" method. *Id.*

In addition, the ADAMS software employs a "hash function," which allows the user to validate whether a piece of digital evidence has been manipulated or altered between the time it is entered into the ADAMS software system and a later time when a user wishes to make use of that piece of digital evidence. *Id.* ¶ 32. Veripic's DPL software has technology that allows the user to validate not only whether digital evidence has been altered since it was entered, but also whether the digital evidence has been altered from the moment the picture was originally taken.

On July 18, 2012, Veripic filed a complaint against Foray. On July 30, 2012, Veripic filed a first amended complaint, alleging causes of action for: (1) copyright infringement; (2) inducement of breach of contract; (3) contributory and induced copyright infringement; (4) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*; (5) false advertising and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); (6) violation of California's False Advertising Law ("FAL"), California Business and Professions Code § 17500 *et seq.*; and (7) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq*. Docket No. 4, FAC.

On February 11, 2014, the Court granted Foray's motion for summary judgment of all of Veripic's claims and entered judgment in the action in favor of Foray and against Veripic. Docket Nos.

---

[1] Although "ADAMS" originally referred to the software at issue in this case, Foray now uses "ADAMS" to cross-brand a suite of related products, including ADAMS Property & Evidence, ADAMS Crime Scene Photo/Video, ADAMS Bag & Tag, ADAMS Latent/ACE-V, and ADAMS Video Interview.

153. 154. On February 25, 2014, Foray submitted its bill of costs. Docket No. 155. On March 19, 2014, the Clerk awarded Foray costs in the amount of $88,848.13.[2] Docket No. 164. In awarding costs, the Clerk disallowed: (1) $105.13 in requested costs for service of summons and subpoena; (2) $5,744.16 in requested costs for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) $1,591.79 in requested costs for witness fees; and (4) $5.00 in requested costs for docket fees under 28 U.S.C. § 1923. *Id.*

By the present motion, Veripic moves for the Court to review the Clerk's taxation of costs against it. Docket No. 171, Pl.'s Mot. Specifically, Veripic argues that the Clerk should have disallowed: (1) $453.29 in costs for service of summons and subpoena; (2) $6,818.54 in costs for printed or electronically recorded transcripts; and (3) $61,312 in costs for exemplification and the costs of making copies. *Id.*

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party as of course and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *Association of Mexican-American Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs. Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).

28 U.S.C. § 1920 "enumerates the expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides for taxation of the following costs:

---

[2] After the Clerk issued the bill of costs, on March 25, 2014, Veripic filed its objections to Foray's bill of costs. Docket No. 165. In its motion, Veripic argues that its objections were timely in light of the parties' March 6, 2014 stipulation and the subsequent Court order. Docket No. 171 Pl.'s Mot. at 1-2; *see also* Docket Nos. 161, 162. In its opposition, Foray acknowledges that the language of the stipulation may have given Veripic an extension of time to file its objections and, therefore, states that it does not object to the timing of Veripic's motion. Docket No. 180, Def.'s Opp'n at 1. Accordingly, the Court concludes that Veripic's objections to the bill of costs were timely under the parties' March 6, 2014 stipulation.

3

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Civil Local Rule 54-3 further provides "standards for interpreting the costs allowed under section 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233 JW (WDB), 1993 U.S. Dist. LEXIS 17803, at *2 (N.D. Cal. Dec. 2, 1993).

**DISCUSSION**

**I.    Costs for Service of Summons and Subpoena**

The Clerk awarded Foray $1,752.32 in costs for service of summons and subpoena, disallowing $105.13 in requested costs. Docket No. 164. Veripic argues that the Clerk should have disallowed $453.29 in costs. Pl.'s Mot. at 5. Specifically, Veripic identifies three invoices that it argues are not taxable as costs: the September 21, 2013 delivery invoice for $166.44; the October 7, 2013 delivery invoice for $111.72; and the December 10, 2013 delivery invoice for $70. *Id.*

In its opposition, Foray states that it withdraws its request for costs with respect to the September 21, 2013 invoice. Def.'s Opp'n at 1-2. With respect to the two other invoices, Foray explains that the invoices are for the hand delivery of documents required by the Court's October 1, 2013 order and the hand delivery of the deposition notice for Colonel John (Jack) Dale. *Id.* at 2. These delivery fees are not taxable as costs under section 1920.[3] *See First Interstate Bank of Or. v. United States*, No. 94-cv-

---

[3] In addition, the Court rejects Foray's contention that hand delivery of these documents was reasonable and necessary under the circumstances. Foray argues that hand delivery of the 229,000 pages of documents was necessary to comply with the deadline set forth in the Court's October 7, 2013 order. Def.'s Opp'n at 2. While this may be true, it was only necessary for the Court to set that deadline because Foray failed to comply with the Court's August 6, 2013 order and the parties' August 2, 2013 joint case management statement. *See* Docket Nos. 77, 78. Foray fails to explain why it was unable to

4

917-HA, 1995 U.S. Dist. LEXIS 8554, at *4 (D. Or. Jun. 3, 1995) ("[F]ees related to messenger and courier services are routinely excluded as taxable costs."); *see also Intermedics*, 1993 U.S. Dist. LEXIS 17803, at *7 ("The normal practice in the Northern District is to disallow any postage and handling charges that exceed the rate of regular first-class mail plus handling."). Accordingly, the Court modifies the bill of costs to disallow $453.29 in costs for service of summons and subpoena.

## II.  Costs for Printed or Electronically Recorded Transcripts

The Clerk awarded Foray $24,199.14 in costs for printed or electronically recorded transcripts, disallowing $5,744.16 in requested costs. Docket No. 164. Veripic argues that the Clerk should have disallowed $6,818.54 in costs for printed or electronically recorded transcripts. Pl.'s Mot. at 5-15. Veripic explains that it is unable to determine what costs were specifically disallowed by the Clerk. *Id.* at 5. Veripic, therefore, sets forth in its motion all the costs for this category of fees that it contends should be disallowed. *Id.* Specifically, Veripic contends that Foray should not recover costs for: (1) expedited deposition transcripts; (2) multiple copies of deposition transcripts; (3) additional CDs containing deposition transcripts and exhibits; (4) synchronization of video depositions; (5) multiple copies of DVDs; (6) rough transcripts; (7) color exhibits; (8) shipping of transcripts; and (9) transcripts of proceedings. *Id.* at 5-15.

Out of the above list, Foray only argues that it is entitled to costs for expedited deposition transcripts. Def.'s Opp'n at 2-3. But, "[c]ourts in this district have held that the cost of expedited delivery is not recoverable." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-5124 JCS, 2008 U.S. Dist. LEXIS 103932, at *18 (N.D. Cal. Dec. 17, 2008); *see also, e.g.*, *Ebay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 U.S. Dist. LEXIS 49835, at *36 (N.D. Cal. Apr. 5, 2013). Accordingly, the

---

comply with the original deadline set forth in the prior order and the case management statement. Foray also argues that hand delivery of the Dale subpoena was necessary to satisfy the 10-days notice customarily required in the Northern District of California. Def.'s Opp'n at 2. But, Foray fails to explain why the subpoena could not have been served at an earlier date that would not require expedited delivery.

5

Court modifies the bill of costs to disallow $6,818.54 in costs for printed or electronically recorded transcripts.[4]

### III. Costs for Exemplification and the Costs of Making Copies

The Clerk awarded Foray $61,548.65 in costs for exemplification and the costs of making copies, the full amount requested by Foray. Docket No. 164. Veripic argues that the Clerk should have disallowed $61,312 in costs for exemplification and the costs of making copies. Pl.'s Mot. at 15-18. Specifically, Veripic argues that the Clerk should not have awarded any costs related to electronic discovery ("e-discovery"). *Id.*

Pursuant to Section 1920(4), the Court may tax "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Further, under Civil Local Rule 54-3(d)(2), the Court may tax "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case . . . ." However, "[f]ees for exemplification and copying 'are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production.'" *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (quoting *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989)).

With respect to e-discovery, courts in this district have found that fees for ".TIFF and OCR conversion, Bates stamping, load file and other physical media generation" are recoverable as copying fees under section 1920(4). *Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*, No. C -10-00482-EDL, 2013 U.S. Dist. LEXIS 31952, at *16 (N.D. Cal. Jan. 31, 2013); *see also, e.g.*, *Ebay*, 2013 U.S. Dist. LEXIS 49835, at *25-26 (finding recoverable fees related to "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically

---

[4] In addition, the Court rejects Foray's contention that expedited delivery of the deposition transcripts was reasonable and necessary under the circumstances. Foray argues that expedited delivery was necessary in light of the time between the depositions and the deadline for Foray to file its opposition to Veripic's motion for a preliminary injunction and the deadline for Foray to file its reply in support of its motion for summary judgment. Def.'s Opp'n at 3. But, Foray fails to explain why the depositions at issue could not have been taken at an earlier time, such that expedited delivery would be unnecessary.

stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion"); *Ancora Techs., Inc. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 121225, at *7-8 (N.D. Cal. Aug. 26, 2013); *Plantronics, Inc. v. ALIPH, Inc.*, No. C 09-01714 WHA (LB), 2012 U.S. Dist. LEXIS 152297, at *33-34 (N.D. Cal. Oct. 23, 2012). However, "the Ninth Circuit and the courts of this district have long held that costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents." *Ancora.*, 2013 U.S. Dist. LEXIS 121225, at *10 (N.D. Cal. Aug. 26, 2013); *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1330 (Fed. Cir. 2013) ("[C]osts incurred in preparing to copy are not recoverable."). Therefore, "e-discovery storage costs are 'non-compensable under Section 1920.'" *Ancora*, 2013 U.S. Dist. LEXIS 121225, at *9 (quoting *Alzheimer's Inst.*, 2013 U.S. Dist. LEXIS 31952, at *16).

Veripic specifically challenges Foray submission of seven e-discovery invoices from Canon Business Process Services, Inc. and one invoice from First Legal. First, Veripic argues that Foray's requests for costs related to these invoices should be denied because Foray is seeking a broad range of e-discovery related costs that go well beyond the costs associated with the actual production of the documents. Pl.'s Mot. at 17-18. Second, Veripic argues that the requests should be denied because Foray failed to provide sufficient detail of its e-discovery costs to allow the Court to determine what are actual copying costs and what are non-taxable intellectual efforts. *Id.*

With respect to the Canon invoices, the charges in the invoices are broken into five different categories—"Document Processing," "eDiscovery," "Database Management," "Project Management and Client Requests," and "Storage and Incidental"—with various subcategories. *See* Docket No. 155-4. Foray's counsel explains that "Document Processing" fees relate to bates stamping each page; "eDiscovery" fees relate to converting the documents into TIFF files; and the subcategory "Production export" fees relates to the collecting and providing of metadata for each production. Docket No. 181, Cox Decl. ¶ 12. These costs are potentially recoverable under section 1920(4). *See Plantronics*, 2012 U.S. Dist. LEXIS 152297, at *33-34. But, Foray has failed to provide the Court with sufficient information for it to determine that all of these costs are taxable. Veripic correctly notes that there is a discrepancy between the invoices and the October 7, 2013 production. Foray's counsel states that on

7

October 7, 2013, Foray produced to Veripic approximately 229,000 pages of documents. Docket No. 191, Cox Decl. ¶ 2; *see also* Def.'s Opp'n at 2. However, a review of the invoices shows that they represent charges for 344,445 pages of documents. *See* Docket No. 155-4. Thus, it appears that the invoices charge for documents that were not provided to Veripic in this action, and, thus, were not used in this litigation. Foray fails to provide an explanation for this discrepancy. Accordingly, the Court will only award Foray costs of $6,870, which represents a charge of $0.03 per document for bates stamping and TIFF conversion for 229,000 documents.[5]

In addition, the Court concludes that the remaining fees contained in the Canon invoices are not recoverable. The invoices contain several charges for data storage and data management. These fees are not recoverable under section 1920(4).[6] *See Ancora*, 2013 U.S. Dist. LEXIS 121225, at *9; *Alzheimer's*, 2013 U.S. Dist. LEXIS 31952, at *16. The invoices also contain "Project Management" fees. Foray's counsel explains that these are fees for the individual that performed the work. Docket No. 181, Cox Decl. ¶ 12. However, this information is insufficient to show that these costs are recoverable under section 1920(4). It is unclear from the invoices whether the project management fees were actually related to document processing as opposed to other non-taxable activities.[7] Therefore, the Court declines to award costs for project management fees. *See Ebay*, 2013 U.S. Dist. LEXIS 49835, at *29-30 (declining to award costs where the invoice failed to provide sufficient detail as to what costs were related to document processing); *Plantronics*, 2012 U.S. Dist. LEXIS 152297, at *46-47 (same). In addition, the invoices contain charges for hard drives that Canon used to provide the electronic documents to Foray. Although charges for "media hardware used for production" are taxable, s*ee Ebay*,

---

[5] The Court declines to award Foray any costs related to production export. Because Foray has failed to explain what specific charges relate to the October 7, 2013 production, the Court cannot determine which production export fees are properly taxable.

[6] In its motion, Veripic objects to the 50% allocation between this action and the parallel state court action that was made by Foray with respect to the data management and data storage costs. Pl.'s Mot. at 18. However, because the Court declines to award Foray any costs with respect to these fees, this objection is moot and the Court declines to address whether the 50% allocation was proper.

[7] Indeed, it appears from the invoices that "Project Management" fees includes fees unrelated to document processing. For example, the August 8, 2013 invoice contains a charge of $750 in project management fees, but the invoice contains no fees at all related to document processing or e-discovery. *See* Docket No. 155-4.

8

2013 U.S. Dist. LEXIS 49835, at *26, these hard drive fees are not taxable because Foray did not use these drives for its production to Veripic and instead used different drives for its production. *See* Docket No. 181, Cox Decl. ¶ 13. Finally, the invoices also include charges for delivery fees; these charges are not taxable as costs. *See First Interstate Bank*, 1995 U.S. Dist. LEXIS 8554, at *4; *Intermedics*, 1993 U.S. Dist. LEXIS 17803, at *7.

With respect to the First Legal invoice, the invoice appears to primarily charge for delivery fees, which are not recoverable under section 1920. *See id.* It is unclear from the invoice what, if any, charges were actually related to making copies or e-discovery, and Foray's opposition and accompanying declaration do not provide any further clarity.[8] Therefore, the Court declines to award costs for the January 15, 2014 First Legal invoice. Accordingly, the Court modifies the bill of costs to award $7,106.65[9] in costs for exemplification and the costs of making copies.[10]

---

[8] Indeed, Foray does appear to contend in its opposition that it is entitled to costs for the January 15, 2014 First Legal invoice.

[9] This number represents $6,870 in costs for bates stamping and TIFF conversion of the 229,000 produced documents and $236.65 in costs for physical copies that Veripic does not dispute in its motion.

[10] In addition, the Court rejects Foray's contention that Veripic should pay for all of its e-discovery costs because Veripic insisted on Foray using a third-party e-discovery vendor. *See* Def.'s Opp'n at 4-5. Even assuming Veripic insisted on such a vendor, "a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920." *Romero v. Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989). Therefore, regardless of Veripic's alleged insistence, Foray is only entitled to cost that are authorized under 28 U.S.C. § 1920.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Veripic's motion for review of the Clerk's taxation of costs. Docket No. 156. Specifically, the March 19, 2014 bill of costs is modified as follows:

1. Foray is awarded $1,404.16 in costs for fees for service of summon and subpoena;
2. Foray is awarded $23,124.76 in costs for fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3. Foray is awarded $1,348.02 in costs for fees for witnesses; and
4. Foray is awarded $7,106.65 in costs for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

The total award of costs to Foray is $32,983.59.

**IT IS SO ORDERED.**

Dated: May 8, 2014

SUSAN ILLSTON
United States District Judge